Christian Contreras, Esq. (SBN 330269)
*CC@Contreras-Law.com*
**LAW OFFICES OF CHRISTIAN CONTRERAS,**
**A PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Office: (323) 435-800
Fax: (323) 597-0101

Attorneys for Plaintiff,
REYES CONTRERAS MURCIA,
individually and as class representative

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYES CONTRERAS MURCIA, individually and as class representative,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA MONICA, municipal entity; CHIEF RAMON BATISTA, individually and in his official capacity; CITY MANAGER DAVID WHITE; individually and in his official capacity; E.V.S., INC. dba ALL CITY TOW SERVICE; and DOES 1-10, inclusive<br><br>Defendants. | **CASE NO.:**<br><br>**CLASS ACTION CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Injunctive Relief (42 U.S.C. § 1983 / Art. I § 13 Cal. Const.);**<br>2. **Damages (Fourth Amendment / 42 U.S.C. § 1983);**<br>3. **Damages Unlawful Takings (42 U.S.C. § 1983 / Fifth Amendment)**<br><br>**DEMAND FOR JURY TRIAL** |





# INTRODUCTION

1. This is a civil rights class action lawsuit seeking injunctive and monetary relief against the CITY OF SANTA MONICA (hereinafter sometimes "SANTA MONICA" or "CITY") CHIEF RAMON BATISTA (hereinafter "CHIEF BATISTA"), individually and in his official capacity; CITY MANAGER DAVID WHITE (hereinafter "MANAGER WHITE"); individually and in his official capacity; E.V.S., INC. dba ALL CITY TOW SERVICE (hereinafter "ALL CITY TOW"); and DOES 1-10, inclusive for engaging in violations of the Fourth Amendment and Fifth Amendment by depriving unlicensed drivers of their vehicles and arbitrarily imposing an unjustified "30 Day Impound Fee" in an addition to other burdensome fees.

2. In committing such civil rights violations, CITY OF SANTA MONICA and its conspirator defendants, are targeting, whether directly or indirectly, Black and Brown people as well as people of low means who face debilitating consequences based upon CITY OF SANTA MONICA's capricious policies and arbitrary actions against such individuals.

3. Plaintiff's claims, and the class he represents, are brought pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1871 and its implementing regulations, 42 U.S.C. 1982, 1983, 1986 and 1988.

4. By this Complaint, Plaintiff seeks judicial redress for violations of his civil rights due to unreasonable seizures under the Fourth Amendment of the United States Constitution as well as seeking redress for many other similarly situated.

5. Accordingly, judicial intervention is imperative in this matter to end Defendants' illegal practices which have, and continue to, impact the lives of many.

///



## JURISDICTION

6. Plaintiff's claims arise under 42 U.S.C. § 1983. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

7. A substantial part of the events giving rise to the claims alleged in this Complaint arose in the City of Santa Monica, California. Venue therefore lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 84(c), 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff REYES CONTRERAS MURCIA (hereinafter sometimes "REYES CONTRERAS MURCIA") is, and at all relevant times herein mentioned was, a resident of the County of Los Angeles.

9. Defendant CITY OF SANTA MONICA is a municipal entity with the capacity to sue and be sued. It is a Charter City under the laws of the State of California. The pertinent departments of the CITY include the Santa Monica Police Department, the City of Santa Monica Department of Transportation, and the City Manager's Office, along with other departments which have involvement in this matter. Employees of the CITY have engaged in the acts complained of herein pursuant to the policies, practices, and customs of the CITY.

10. Defendant CHIEF RAMON BATISTA is the chief of the Santa Monica Police Department, and he is sued in his individual and official capacity.

11. Defendant CITY MANAGER DAVID WHITE is the city manager of the City of Santa Monica, and he is sued in his individual and official capacity.

12. Defendant E.V.S., INC. is a California Corporation doing business as ALL CITY TOW SERVICE in the City of Santa Monica. Defendant ALL CITY TWO's principal place of business is in Culver City, California.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names.



Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

14. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein defendants, including DOE defendants, and each of them, were the agents, servants, couriers and employees of other defendants, and were acting in concert with each other and in furtherance of a common goal and/or objective, were acting within the course and scope of the agency and employment or ostensible agency and employment.

15. The complained of acts and omissions were performed by persons within the course and scope of employment with their employers, CITY. All acts and omissions were under color of state law.

## FACTUAL STATEMENT

### City's Unconstitutional Policy – Vehicle Seizure Policy ("VSP")

16. Plaintiffs informed and believes and based thereon alleges that Defendants CITY, CHIEF BATISTA, MANAGER WHITE and/or DOES 1-10 have promulgated, promoted and/or sanctioned, a policy, practice or custom, hereinafter called "Vehicle Seizure Policy," or "VSP." Under the VSP, a CITY official directs or causes the vehicle of an unlicensed driver to be seized without a warrant in order to coerce the vehicle's registered owner to pay a "30 Day Impound Fee" despite the registered vehicle owner being capable to produce or direct a licensed driver to operate the vehicle. The VSP directs CITY officials to effect the seizure by instructing Defendant ALL CITY TOW, working under a CITY contract, to impound a vehicle

17. Pursuant to the VSP, Defendants bar the vehicle's registered owner from reclaiming possession of his vehicle unless and until the owner pays a "30 Day Impound Fee" even if the vehicle is not in the tow yard for 30 actual days.



18. Also pursuant to the VSP, Defendants bar the vehicle's registered owner from reclaiming possession of the vehicle even if the owner can produce or direct a licensed driver to operate the vehicle and retrieve it from wherever it is stationed.

19. Pursuant to the VSP, the CITY does not seek judicial review of any type to justify either the initial seizure, or the ongoing seizure. Pursuant to the VSP, a vehicle is subject to seizure even though it is safely parked in a lawful location, possess no danger and does not constitute a traffic hazard.

20. If under the VSP, the CITY elects to seize the vehicle by having it towed and impounded to Defendant ALL CITY TOW's tow yard, during the period of vehicle storage the Defendants charging daily storage charges (in addition to the towing and other fees) which, per the VSP, must be paid in full before the vehicle will be released. Otherwise, if not paid, the Defendant ALL CITY TOW will sell the vehicle at a lien sale to satisfy the unpaid towing, storage charges and other related charges fees. *See* Cal. Veh. Code §22851(a) (Lien created in favor of the tow company for towing and storage charges.). If the amount recovered by the lien sale is insufficient to pay outstanding charges and fees, the vehicle's (former) registered owner remains liable to the two yard for the difference.

**The Seizure of Plaintiff's Vehicle**

21. On Saturday, July 23, 2022, Plaintiff REYES MURCIA was and still is the registered owner of a 2006 Chevrolet Tahoe, Vin. No. 1GNEC13V56R169159 (hereinafter the "CHEVY TAHOE"). On such date, Defendant CITY OF SANTA MONICA Police Department impounded Reyes Murcia's Chevy Tahoe which he used to transport goods and work as a street vendor.

22. Plaintiff REYES MURCIA's CHEVY TAHOE was impounded after two SANTA MONICA police officers stopped him in a parking lot in Santa



Christian Contreras

Monica for having a broken rear taillight.

23. During the stop, Plaintiff REYES MURCIA was asked for his California driver's license but was only able to produce an expired Mexican driver's license. The CHEVY TAHOE was not a traffic hazard nor was it a danger to the community.

24. Even though Plaintiff REYES MURCIA's vehicle was safely stopped in a parking lot, the officers informed him that his vehicle would be impounded because he did not have a California driver's license. Plaintiff REYES MURCIA asked the officers if he could call his brother who has a valid California license so that his brother could retrieve the vehicle, but CITY OF SANTA MONICA police officers did not permit Plaintiff REYES MURCIA's brother to retrieve the vehicle.

25. Subsequently, without a warrant, CITY OF SANTA MONICA police officers, acting pursuant to the VSP, directed that Defendant ALL CITY TOW, tow and impound the vehicle, citing Cal. Veh. Code § 22651(p).

26. In compliance with its contract with the CITY, Defendant ALL CITY TOW took possession of Plaintiff's vehicle, towing and storing it in its storage lot as a vehicle impound subject to a CITY hold.

27. Subsequently, on July 25, 2022, Plaintiff REYES MURCIA, through his attorneys, contacted Defendant ALL CITY TOW who stated the vehicle was being held pursuant to California Vehicle Code Section 22651(p) because the driver was unlicensed, and that the vehicle could not be released until SANTA MONICA authorized release.

28. Furthermore, Plaintiff REYES MURCIA, through his attorneys, also contacted CITY OF SANTA MONICA police officer Lieb who informed him that the fee to release the vehicle is $159.90 and that, in addition, SANTA MONICA charges a "30 day Impound Fee" of $1,128.00.

///



29. Thereafter, Plaintiff REYES MURCIA, through his attorneys, informed a CITY OF SANTA MONICA city attorney that the vehicle was in a parking lot when it was impounded, and that Plaintiff was not given an opportunity to have a licensed driver retrieve the vehicle. However, CITY OF SANTA MONICA simply replied that they would look into it. Plaintiff responded that every day the car was in the impound lot, the fees increase. Plaintiff REYES MURCIA requested a waiver of the $1,128.00 Impound Fee so the vehicle could be immediately released but such request was denied by CITY OF SANTA MONICA.

30. Subsequently, on Tuesday, July 26, 2022, Plaintiff requested a "tow hearing." During the hearing, the CITY OF SANTA MONICA police officer Lieb informed Plaintiff that the hearing was limited to a discussion of whether the SANTA MONICA Police Department followed all the rules and regulations concerning the vehicle impounds for unlicensed drivers. CITY OF SANTA MONICA police officer Lieb stated that the only way the vehicle could be released was for Plaintiff REYES MURCIA to get a California driver's license. Officer Lieb said he could not release the vehicle to a third party even if the third party became the new registered owner of the vehicle. Officer Lieb stated that a vehicle cannot be registered to a new owner when the vehicle is impounded.

31. After the tow hearing, Plaintiff REYES MURCIA, through his attorneys, contacted again CITY OF SANTA MONICA city attorney and again provided the relevant case law while also explaining that because Plaintiff REYES MURCIA had a licensed driver available to pick up the vehicle when his car was stopped in a parking lot, the vehicle should not have been impounded.

32. Finally, on July 28, 2022, Plaintiff REYES MURCIA made a final request for the waiver of the "30 Day Impound Fee" but CITY OF SANTA MONICA denied the request.

///







33. The CITY officials' refusal to release Plaintiff's vehicle is causing Plaintiff ongoing great and irreparable harm because:

a. Plaintiff's CHEVY TAHOE is his only vehicle and uses the vehicle for his work as a street vendor. Plaintiff needs the CHEVY TAHOE order to transport good and equipment;

b. Plaintiff is continuing to incur fees and costs the longer the vehicle is in the tow yard; and

c. Plaintiff is informed and believes and thereon alleges that pursuant to Cal. Veh. Code §22851(a), Defendant ALL CITY TOW will sell the vehicle at a lien sale in order to collects funds due it for the towing and storage. Obviously, this will cause Plaintiff to lose ownership of his vehicle and suffer an immense loss in connection with his line of work.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on his own behalf, and on behalf of the class of all persons similarly situated, pursuant to Federal Rules of Civil Procedure Rule 23,

35. There is an "Injunctive Relief Class" as defined under Rule 23(b)(2) to include all registered owners whose vehicles are presently seized pursuant to the CITY's Vehicle Seizure Policy, or who may in the future have their vehicles so seized/impounded. This class seeks an injunction commanding defendant CITY, CHIEF BATISTA, MANAGER WHITE, ALL CITY TOW, and each of them, to immediately release vehicles not held pursuant to a warrant, to either the vehicle's registered owner or to a licensed driver designed by the registered owner who can drive the vehicle lawfully. Plaintiff is the proposed Class Representative for the Injunctive Relief Class.

36. There is a "Damages Class" as defined by Rule 23(b)(3), consisting of those vehicle owners whose vehicles were seized at any time within the last



two years of this Complaint's filing and continuing up through the present, where such seizures were pursuant and impounded for 30 days pursuant to the City's Vehicle Seizure Policy. Plaintiff is the proposed Class Representative for the Damages Class.

37. On information and belief, the Injunctive Relief Class numbers and Damages class numbers are at least in the hundreds. The members of the classes are so numerous that joinder is impracticable.

38. The classes are ascertainable because the CITY and ALL CITY TOW maintain paper and computer records tracking and identifying every vehicle seized under the VSP, including the registered owner (name and address), vehicle description, date and location where the vehicle was seized, where the vehicle is being held, the authority under which the vehicle is seized, the date the vehicle was released, whether it was sold at a lien sale and for how much, and the amounts paid for administrative fees, towing and storage charges, and who paid these charges.

39. Questions of law and fact common to each class include:

A. Whether the VSP is constitutional, under either the Fourth Amendment (unlawful seizure without a warrant), and the Fifth Amendment (Takings without compensation) and the Fourteenth Amendment.

B. Whether the VSP violates the Fourth Amendment by directing vehicle impounds without a warrant and in the absence of justification for the warrantless seizures.

40. Plaintiff's claims are typical of the claims of members of each class on whose behalf she acts as a class representative, in that as with each class member, Plaintiff's vehicle was seized without a warrant and pursuant to the VSP. As with each class member, Plaintiff is willing and able to safely and lawfully reclaim possession of his vehicle but for the VSP mandatory



Christian Contreras

requirement that Plaintiff first pay all sums allegedly due the City for a "30 Day Impound Fee."

41. Plaintiff will fairly and adequately protect the interests of each class on whose behalf she is acting as a class representative. Plaintiff has no interest which is now or may be potentially antagonistic to the interests of each class on whose behalf they are acting as a class representative. As with all class members, Plaintiff's vehicle was seized without a warrant and impounded pursuant to the VSP. As with all class members, Plaintiff seeks to reclaim possession of his vehicle immediately.

42. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(A), prosecutions of separate actions by individual members of each class would create a risk that is inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

43. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

44. The Damages Class qualifies for certification pursuant to the provisions of Fed.R.Civ.P. Rule 23(b)(3) in that 1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and 2) this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties.

45. Plaintiff is informed and believes and thereon alleges that the interests of members of each class in individually controlling the prosecution of a separate action are low. Most class members would be unable to individually



prosecute any action at all. Plaintiff is informed and believes and thereon alleges that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiff is informed and believes and thereon alleges that most members of the class will not be able to find counsel to represent them.

46. Plaintiff is informed and believes and thereon alleges it is desirable to concentrate all litigation in one forum because the VSP is a Santa Monica City-wide policy presumptively enforced by CITY officials as against all vehicle owners within the CITY's jurisdiction. It would consume undue and unnecessary resources to litigate the identical issues in different forums.

47. Liability can be determined on a class-wide basis regarding what provisions of the VSP are lawful. For instance, a determination of seizing a vehicle without a warrant in order to coerce the vehicle owner's to pay a 30 Day Impound Fee violates the Fourth and Fourteenth Amendments, that determination disposes of all Fourth and Fourteenth Amendment claims of all class members.

48. To the extent it is determined that notice is required for the Plaintiff Class, then, class members will be identified by the records of CITY and ALL CITY TOW.

**APPROPRIATENESS OF EQUITABLE RELIEF**

49. Plaintiff and Injunctive Relief Class members do not have an adequate remedy at law for the injuries alleged herein. The continuing enforcement of the VSP violates Plaintiff's and class members Fourth Amendment rights guaranteeing that all seizures must be reasonable, and causes continuing, sweeping and irreparable harm to Plaintiff and class members by the ongoing deprivation of their vehicles, property that is essential for Plaintiff and class members' livelihood and necessities of life, e.g., using the vehicle for work or to transport goods.

///



50. Plaintiff and Injunctive Relief Class members are also entitled to declaratory relief with respect to the constitutionality of the VSP, and an injunction preventing the enforcement of those aspects determined to be unconstitutional. Such relief is necessary in that an actual and substantial controversy exists between Plaintiff and class members, who contend that the VSP is unconstitutional, and Defendants, who deny such contention and enforce its provisions. Without such a declaration and injunction, Plaintiff faces the ongoing threat of its enforcement.

51. Injunctive relief does not raise any mootness issues because the harm alleged may be revisited on the class where it is capable of repetition, yet evading review due to the transitory nature of Plaintiff's claims. *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991).

## FIRST CLAIM FOR RELIEF

**Injunctive Relief Commanding Release and Return of Plaintiff's Vehicle**

**(Against All Defendants)**

**(42 U.S.C. § 1983 / Art. I § 13 Cal. Const.)**

52. By this reference, Plaintiff, on behalf of himself and members of the Injunctive Relief Class, re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

53. The present ongoing impoundment and without a warrant of vehicles belonging to Plaintiff and members of the Injunctive Relief Class do not meet the requirements of the community caretaking doctrine, i.e., the vehicles do not present a threat to public safety. Specifically, the impounded vehicles presently do not "impede traffic, threaten public safety, or be[come] subject to vandalism," *Miranda v. City of Cornelius*, 429 F.3d 858, 862-65 (9th Cir. 2005). Meanwhile, the ongoing seizures without warrants of vehicles belonging to Plaintiff and Injunctive Relief Class members, violates the Fourth Amendment, *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017). Plaintiff and class



members are willing and able to lawfully reclaim possession, and seek possession of their vehicles, but are denied possession on account of the VSP.

54. The seizures of vehicles pursuant to the VSP violates the Fourth Amendment to the United States Constitution, and Art. I § 13 of the California Constitution, regardless of whether the initial seizure and removal of the vehicle was constitutionally valid or not.

55. The acts alleged herein were the product of a custom, practice and/or policy of Defendant CITY, which custom, practice and/or policy caused the constitutional violations alleged herein.

**SECOND CLAIM FOR RELIEF**

**(Damages Claim Against CITY, CHIEF BATISTA, MANAGER WHITE, and DOES only)**

**(42 U.S.C. §1983 - Fourth Amendment)**

56. By this reference, Plaintiff, on behalf of himself and members of the Injunctive Relief Class, re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

57. The seizures of vehicles belonging to Plaintiff and members of the Damages Class where such seizures were made without a warrant, did not meet the requirements of the community caretaking doctrine, i.e., the vehicles do not present a threat to public safety, violated the Fourth Amendment to the United States Constitution, thereby entitling Plaintiff and class members to recover compensatory damages from all Defendants CITY, CHIEF BATISTA, MANAGER WHITE, and DOES, proximately caused by the seizures.

58. The acts alleged herein were the product of a policy or custom of Defendant CITY, which policy or custom caused the constitutional violation alleged herein.

///

///



**THIRD CLAIM FOR RELIEF**

**(Damages Claim Against CITY, CHIEF BATISTA, MANAGER WHITE, and DOES only)**

**(42 U.S.C. §1983 - Fifth Amendment - Takings without Compensation)**

59. By this reference, Plaintiff, on behalf of himself and members of the Injunctive Relief Class, re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

60. The seizures of vehicles belonging to Plaintiff and members of the Damages Class, constitute Takings within the meaning of the Fifth Amendment. Furthermore, Defendant CITY effect the Takings for a public purpose -- coercing vehicle owners to pay the CITY sums for a 30 Day Impound Fee. Seizing vehicles although Plaintiff can retrieve the vehicle with a licensed driver does not, in and of itself, justify the seizure. Thus, the seizures are Takings for which Defendants CITY, CHIEF BATISTA, MANAGER WHITE, and DOES, owe compensation to Plaintiff and members of the Damages class.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests entry of judgment in his favor and against Defendants as follows:

**On The First Cause of Action:**

61. That the Court certify this case pursuant to F. R. Civ. P. 23(b)(2) as a class action on behalf of a class of Plaintiff composed of the Injunctive Relief Class described above;

62. That the Court issue a declaration that the VSP, in the respects set forth herein, is unconstitutional on its face and of no force or effect. Specifically, that this Court declare that the VSP is facially unconstitutional to the extent that it directs vehicle seizures without warrants in the absence of consent, exigent circumstances, emergency or community caretaking;

///



63. That pending determination of Plaintiff's motion for a preliminary injunction, the Court issue a temporary restraining order as against Defendant E.V.S., INC. dba ALL CITY TOW SERVICE that

(a) bars E.V.S., INC. dba ALL CITY TOW SERVICE from selling Plaintiff's vehicle at a lien sale and

(b) bars E.V.S., INC. dba ALL CITY TOW SERVICE from repossessing Plaintiff's vehicle.

64. That the Court issue a preliminary and permanent injunction on behalf of Plaintiff and class members commanding defendants, and each of them, to release immediately to Plaintiff and class members their respective vehicles, upon proof that Plaintiff and class members can lawfully take possession;

65. That this Court award Plaintiff attorneys fees and costs incurred in this action under 42 U.S.C. § 1988, Cal. Civ. Proc. Code § 1021.5, California's private attorney general doctrine, and any other appropriate statute.

**On The Second and Third Causes of Action:**

66. That the Court certify this case pursuant to F. R. Civ. P. 23(b)(3) as a class action on behalf of a class of Plaintiff composed of the Damages Class described above;

67. That as against Defendants CITY, CHIEF BATISTA, MANAGER WHITE, and DOES, this Court award Plaintiff and the class members compensatory damages, according to proof;

68. That as against Defendants , CHIEF BATISTA, MANAGER WHITE, and DOES, the Court award punitive damages in an amount sufficient to deter and punish these Defendants;

69. That this Court award attorneys fees and costs incurred in this action under 42 U.S.C. § 1988, and any other appropriate statute.

**On All Causes of Action:**



70. That the Court award costs of suit; and

71. That the Court grant such other and further relief as may be just and proper.

Dated: July 28, 2022

**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: ______________________
Christian Contreras, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on his own behalf and on behalf of the Damages class.

Dated: July 28, 2022

**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: ______________________
Christian Contreras, Esq.
Attorney for Plaintiff

