# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES CONTRERAS MURCIA and SHERMAN A. PERRYMAN, individually and as class representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA MONICA, a municipal corporation; SANTA MONICA POLICE DEPARTMENT, a public entity; CHIEF RAMON BATISTA, individually and in his official capacity; CITY MANAGER DAVID WHITE; individually and in his official capacity; MATTHEW J. LIEB, individually and in his official capacity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-5253 FLA-MAR<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF THIRD PARTY INFORMATION (ALL CITY TOW)**<br><br>[DISCOVERY MATTER] |

## 1. INTRODUCTION

### 1.1 PURPOSES AND LIMITATIONS

Production of records from non-party All City Tow pursuant to Plaintiffs' subpoena issued August 6, 2022 may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1

Accordingly, All City Tow and Plaintiffs hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. All City Tow and Plaintiffs[1] acknowledge that if issued, the Order would not confer blanket protections on all disclosures or responses to discovery; rather, the protection it affords from public disclosure and use extends only to the limited information or items that may be entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that the Stipulated Protective Order would not entitle any party or non-party to this litigation to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**1.2 GOOD CAUSE STATEMENT**

Plaintiffs served on non-party All City Tow (a California corporation) a deposition subpoena duces tecum seeking production of electronic data maintained by All City Tow in its computer database program. The data concerns vehicles All City Tow towed and stored at the direction of the City of Santa Monica, tows that occurred pursuant to a contractual relationship between the City and All City Tow. Plaintiffs contend the subpoenaed data is necessary for proof that defendant City of Santa Monica tows vehicles pursuant to an unlawful City policy, and that the data is necessary for Plaintiffs to prosecute this action as a class action for damages and injunctive relief. All City Tow contends and Plaintiffs agree that the subpoenaed data may reflect confidential third party information and may also reflect confidential propriety information regarding All City Tow's business operations.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately

---

[1] Simply for reading convenience, when referred to collectively All City Tow and Plaintiffs are called "Parties." This reference, however, is *not* a statement or admission that All City Tow is a party to this lawsuit (it is not).

00154648.DOCX

protect information All City Tow may be entitled to keep confidential while ensuring that the parties to this lawsuit are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

**2. DEFINITIONS**

2.1 *Action*: this pending federal lawsuit, no. 2:22-cv-5253 FLA-MAR.

2.2 *Challenging Party*: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 *Counsel*: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 *Expert*: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.5 *House Counsel*: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6 *Non-Party*: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7 *Outside Counsel of Record*: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.8 *Party*: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9 *Professional Vendors*: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10 *Protected Material*: electronic data All City Tow produces in response to the subpoena duces tecum dated August 6, 2022 and issued by Plaintiffs.

2.11 *Receiving Party*: a party or his / her / its counsel to this litigation that receives the Protective Material defined above.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover only the electronic data itself (including copies thereof) that constitutes the Protected Material; the Stipulation and Order does not cover summaries, or compilations of Protected Material *except* as to any names or other identifying information concerning non-parties to this litigation (such as birth date, driver's license number, home address, social security number, credit card number) which is covered by this Stipulation and Order. Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Should this Action proceed to trial or to a determination on its merits via a Rule 56 motion, and in connection therewith any or all of the Protected Material is offered as evidence, the Protected Material offered as evidence becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial or hearing on any dispositive motion. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180–81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

Because All City Tow is not a party, should any party to this Action seek to

00154648.DOCX

offer Protected Material as publicly-available evidence at any proceeding in this Action, the offering party shall give two weeks written notice to counsel for All City Tow so that it may seek relief from the Court that All City Two believes may be necessary.

## 5. CHALLENGING THE CONFIDENTIALITY PROTECTIVE MATERIAL

5.1 *Timing of Challenges*. Consistent with the Court's Scheduling Order, any Party or Non-Party may challenge the designation of the All City Tow electronic data as confidential information for which a protective order is necessary.

5.2 *Meet and Confer*. The Challenging Party will initiate the dispute resolution process under Local Rule 37.1 et seq.

5.3 *The Burden of Persuasion*. In any such challenge proceeding will be on All City Tow. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless All City Tow has waived or withdrawn in writing the confidentiality designation, all parties will continue to afford the Protected Material the level of protection to which it is entitled under this Protective Order until the Court rules on the challenge.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 *Basic Principles*. A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 *Disclosure of Protected Material*. Unless otherwise ordered by the court or permitted in writing by All City Tow, a Receiving Party may disclose Protected

Material or any subset thereof, only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have agreed to be bound by the Protective Order (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters and their staff;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness agrees on the record to the terms of confidentiality as specified in Exhibit A hereto; and (2) the witness must return the Protective Material, including any subset thereof, to the party from whom the witness obtained the Protected Material, \. unless otherwise agreed by All City Tow. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

00154648.DOCX

The Protective Material shall *not* be disclosed to any individual Plaintiff unless authorized by the Court, or if the Protective Material was made a public record in accordance with governing law and the terms of this Stipulation and Order.

**7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of the Protective Material or any subset thereof, that Party must:

(a) promptly notify in writing All City Tow or its counsel. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the Protective Material sought by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by All City Tow whose Protected Material may be affected.

If All City Tow timely seeks a protective order, the Party served with the subpoena or court order will not produce subpoenaed Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained All City Tow's written permission. All City Tow will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material or any subset thereof to any person or entity or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must

immediately (a) notify in writing All City Tow of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to return the Protected Material, including any copies thereof however recorded (on paper, electronically, etc.).

**9. MISCELLANEOUS**

9.1 *Right to Further Relief*. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9.2 *Right to Assert Other Objections*. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 *Filing Protected Material*. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**10. FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, and assuming Protective Material was not made part of the public record in accordance with the terms of this Stipulated Protective Order, within 60 days of a written request by All City Tow each Receiving Party must return all Protected Material to All City Tow or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected

00154648.DOCX

Material is returned or destroyed, the Receiving Party must submit a written certification to All City Tow by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 2/2/2023  _____
Donald W. Cook, Attorney for Plaintiffs

DATED: 2/2/2023  s/ Robert A. Ring
_____
Robert A. Ring, Attorney for Non-Party All City Tow

Pursuant to L.R. 5-4.3.4, the filer of this document attests that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: February  2 , 2023

_____
**HON. MARGO A. ROCCONI**
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], counsel for [identify the party], declare under penalty of perjury that I gave [insert name] of [insert address] a copy of the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ [insert formal case name and the numbers and initials assigned to it by the court]. I secured the agreement of [insert name] to be bound by all the terms of this Stipulated Protective Order, and further informed [insert name] that failure to so comply could expose [insert name] to sanctions and punishment in the nature of contempt. I further secured [insert name]'s agreement to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____, counsel for [insert party]

Signature: _____