**CHRISTIAN CONTRERAS** (CSB 330269)
LAW OFFICES OF CHRISTIAN CONTRERAS, A PROF. CORP.
360 E. 2nd Street, 8th Floor
Los Angeles, CA 90012
(323) 435-8000 / (323) 597-0101 fax
Email: cc@contreras-law.com

**DONALD W. COOK** (CSB 116666)
ATTORNEY AT LAW
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 fax
Email: manncooklaw@gmail.com

**CYNTHIA ANDERSON-BARKER** (CSB 175764)
LAW OFFICE OF CYNTHIA ANDERSON-BARKER
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 381-3246 / (213) 252-0091 fax
Email: cablaw@hotmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES CONTRERAS MURCIA and SHERMAN A. PERRYMAN, individually and as class representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA MONICA, a municipal corporation; SANTA MONICA POLICE DEPARTMENT, a public entity; CHIEF RAMON BATISTA, individually and in his official capacity; CITY MANAGER DAVID WHITE; individually and in his official capacity; MATTHEW J. LIEB, individually and in his official capacity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-5253-FLA-MAR<br><br>**NOTICE OF MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DONALD W. COOK AND SHERMAN A. PERRYMAN**<br><br>Date: 9/15/23<br>Time: 1:30 p.m.<br>Ctrm: 6B (1st Street)<br><br>Trial date: Not yet set<br>Pretrial conf date: Not yet set<br>Fact DCO: 3/22/24 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 15, 2023, at 1:30 p.m., in Courtroom 6B of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California, Plaintiffs will move the Court to certify this case as a class action pursuant to F.R.Civ.P. 23(b)(3), certifying two related damages classes as follows:

- IMPOUND CLASS: Owners of vehicles impounded by employees of

00157110.WPD

1  defendants City of Santa Monica and/or Santa Monica Police Department at any time

2  from July 28, 2020 through October 31, 2022, where such impounds were pursuant to

3  Cal. Veh. Code § 14602.6(a)(1);

4  • HEARING CLASS: Owners of vehicles impounded pursuant to Cal. Veh. Code

5  § 14602.6 and to whom employees of defendants City of Santa Monica and/or Santa

6  Monica Police Department delivered, at any time from July 28, 2020 through October

7  31, 2022, a "Notice of Stored Vehicle (22852 CVC)" (see **Exhibit A** hereto).

8  The Class Representatives for both classes are Plaintiffs Reyes Contreras Murcia

9  and Sherman A. Perryman.

10  This motion is made following the conference of counsel pursuant to L.R. 7-3.

11  The motion will be based the attached memorandum of points and authorities, all

12  declarations submitted in support, and the record of this litigation.

13  DATED: August 18, 2023

**CYNTHIA ANDERSON-BARKER**
**CHRISTIAN CONTRERAS**
**DONALD W. COOK**
Attorneys for Plaintiffs

By _____
            Donald W. Cook

00157110.WPD

1

## TABLE OF CONTENTS

Page

2

3    MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 6

4    I.    Case Overview and Relief Requested.  . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5    II.   Vehicle Impounds – Cal. Veh. Code § 14602.6 & Cal. Veh. Code § 22651(p).6

6    III.  Standards for Class Certification.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7    IV.   This Lawsuit Satisfies the Requirements of Rule 23(a).  . . . . . . . . . . . . . . 9

8
     A.  Numerosity (Rule 23(a)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
9        B.  Commonality (Rule 23(a)(2)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10            1. Impound Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
              2. Hearing Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
11

12       C.    Typicality (Rule 23(a)(3)).  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

13   V.    Adequacy of Representation (Rule 23(a)(4)).  . . . . . . . . . . . . . . . . . . . . 12

14            Class Representatives Interests Are Not Antagonistic To The Interests
              Of The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
15            Counsel Is Well Qualified To Represent The Class . . . . . . . . . . . . . . 13

16   VI.   The Proposed Classes Satisfy Rule 23(b) Requirements. . . . . . . . . . . . . . 13

17   VII.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18

19

20

21

22

23

24

25

26

27

28

00157110.WPD

1

Table of Authorities

Page(s)

2

***Cases***

3

*Allapattah Servs. v. Exxon Corp.,*

4
333 F.3d 1248 (11th Cir. Fla. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6

*Bertulli v. Indep. Ass'n of Cont'l Pilots,*

7
242 F.3d 290 (5th Cir. 2001)áç . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

8

*Brewster v. Beck,*
859 F.3d 1194 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9-11

9

10

*Brewster v. City of Los Angeles,*
2023 U.S. Dist. Lexis 124570 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . 9

11

*Brewster v. City of Los Angeles,*

12
2023 U.S. Dist. LEXIS 82369 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . 10, 11

13

*California Highway Patrol v. v. Superior Court,*
162 Cal.App.4th 1144 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14

15

*Chang v. United States,*
217 F.R.D. 262 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

16

*Gay v. Waiters' and Dairy Lunchmen's Union,*
549 F.2d 1330 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17

18

*General Telephone Co. of Southwest v. Falcon,*
457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

19

20

*Gunnells v. Healthplan Servs.,*
348 F.3d 417 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

21

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

22

23

*Hassine v. Jeffes,*
846 F.2d 169 (3rd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

24

*In re Visa Check/MasterMoney Antitrust Litigation,*
280 F.3d 124 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25

26

*In Re: Northern Dist. Of Cal Dalkon Shield Etc.,*
693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

27

*Jordan v. County of Los Angeles,*

28
669 F.2d 1311 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

00157110.WPD

*Klay v. Humana, Inc.,*
    382 F.3d 1241 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lerwill Inflight Motion Pictures, Inc.,*
    582 F.2d 507 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lingle v. Chevron U.S.A. Inc.,*
    544 U.S. 528 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Miranda v. City of Cornelius,*
    429 F.3d 858 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sandoval v. County of Sonoma,*
    912 F.3d 509 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Stanton v. Boeing,*
    327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Tardiff v. Knox County,*
    365 F.3d 1 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Windham v. American Brands, Inc.,*
    565 F.2d 59, 68 (4th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Constitutions / Statutes / Rules of Court**

Cal. Veh. Code § 14602.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-12

Cal. Veh. Code § 22651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8, 10, 11

Cal. Veh. Code § 22850.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cal. Veh. Code § 22852 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

Federal Rules of Civil Procedure 23 . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9, 11-14

Title 42, United States Code § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. Const., Amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

U.S. Const., Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Other Authorities**

H. NEWBERG & A. CONTE,
    NEWBERG ON CLASS ACTIONS (4TH ED. 2002) . . . . . . . . . . . . . . . . . . . . . 13

00157110.WPD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Case Overview and Relief Requested.

Under 42 U.S.C. § 1983 and state law, Plaintiffs sued the City of Santa Monica ("City"), its police department ("SMPD") and three city officials (Police Chief Batista, City Manger White, and SMPD Ofc. Lieb). Individually, Plaintiffs Reyes Contreras Murcia and Sherman A. Perryman sue contending defendants wrongfully seized and impounded under Cal. Veh. Code § 14602.6 Plaintiffs' respective vehicles (Murcia vehicle impounded July 23, 2022; Perryman vehicle impounded June 24, 2021). First Amended Complaint ("FAC") ¶¶23-36. Plaintiffs also sue as class representatives for persons whose vehicles defendants impounded under § 14602.6. For the classes the FAC seeks both injunctive relief and damages (though the injunctive relief claim is now moot, see Declaration of Donald W. Cook ["Cook decl."] ¶6).

On the present motion Plaintiffs seek certification of two F.R.Cv.P. 23(b)(3) damages classes: "Impound Class," defined as owners of vehicles defendants impounded pursuant to Cal. Veh. Code § 14602.6(a)(1); and "Hearing Class," defined to include the same owners as in the Impound Class and to whom defendants gave notice, in the form of **Exhibit A**, of a right to a Cal. Veh. Code § 22852 "Storage Hearing." *See infra* 1:28-2:9 for the precise definitions of both classes.

In both classes the liability issues are identical for all class members and call for the *same* answer for all class members. Meanwhile, damages can be reliably determined on a class-wide basis for every individual class member. The class sizes satisfy Rule 23's requirements of numerosity and typicality, while individual class members are identified by name and addresses in easily accessible records maintained by defendants and the two privately-owned tow yards the City contracts with to tow and impound class members' vehicles. Therefore, the Court should grant the instant motion.

### II.  Vehicle Impounds – Cal. Veh. Code § 14602.6 and Cal. Veh. Code § 22651(p).

Enacted in 1994, § 14602.6 permits a police officer to seize and remove from the street a vehicle if its driver is unlicensed as defined in subsection (a)(1) – never been

licensed; suspended license for a traffic related offense; or a restricted license that requires its holder to drive only vehicles with an approved anti-lock device (prevents vehicle operation if the driver is intoxicated). If the officer elects to invoke § 14602.6, then the vehicle must be impounded for 30 days. Section 14602.6(a)(1); *Brewster v. Beck*, 859 F.3d 1194, 1195-96 (9th Cir. 2017).

Section 14602.6 has exceptions to the mandatory 30 day impound. They are (a) if the driver was not unlicensed within the meaning of subdivision (a)(1); if the police agency that seized the vehicle concludes there are "mitigating circumstances" for an early release (the statute, however, does not define "mitigating circumstances"); if the vehicle owner shows that the § 14602.6(a)(1) unlicensed driver is now licensed; if the vehicle was stolen; if the vehicle was being driven under bailment (e.g., parking attendant); if the vehicle was owned by a rental care agency (Hertz; Avis, etc.); or if the vehicle's *legal* owner (the finance company) reclaims the vehicle. *See* subdivisions (b) through (f) and (h) to § 14602.6.[1]

Significantly, § 14602.6 has *no* requirement for early release if the vehicle is being held in the absence of community caretaking or other Fourth Amendment justification, see *Miranda v. City of Cornelius*, 429 F.3d 858, 862-64 (9th Cir. 2005).

An alternative statute for removing a vehicle from a public street because its driver is unlicensed, is subdivision (p) of Cal. Veh. Code § 22651. Section 22651(p), unlike § 14602.6, applies to *any* unlicensed driver. The other major difference is that when the police seize a vehicle pursuant to § 22651(p), its owner can *immediately* reclaim the vehicle upon (a) payment of towing and storage charges and (b) presentation of a licensed driver to take possession. *Brewster*, 859 F.3d at 1197-98.

When a vehicle is subject to seizure under either § 14602.6 or § 22651(p), it is discretionary for the officer or agency as to which statute to invoke. *California Highway*

---

[1] If a legal owner or car rental agency reclaims the vehicle, the agency or legal owner must continue to enforce the 30 day impound. See § 14602.6, subdivisions (g)(1) and (h)(1).

00157110.WPD

*Patrol v. v. Superior Court*, 162 Cal.App.4th 1144, 1148 (2008).[2]

## III.  Standards for Class Certification.

Federal Rule of Civil Procedure 23 ("Rule 23") governs the litigation of class actions. A party seeking class certification must establish the following prerequisites:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a).

After satisfying the four prerequisites of numerosity, commonality, typicality, and adequacy, a party must also demonstrate one of the following: (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action. Rule 23(b)(1)–(3).

Rule 23 further provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues," Rule 23(c)(4), or the "class may be divided into subclasses that are each treated as a class under this rule," Rule 23(c)(5). "This means that each subclass must independently meet the requirements of Rule 23 for the maintenance of a class action." *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981).

///

---

[2] Because § 14602.6(a)(1) applies only to a subset of unlicensed drivers whereas § 22651(p) applies to *all* unlicensed drivers, by definition a § 14602.6(a)(1) unlicensed driver is also unlicensed within the meaning § 22651(p).

00157110.WPD

## IV.  This Lawsuit Satisfies the Requirements of Rule 23(a).

### A.  Numerosity (Rule 23(a)(1)).

The two damages classes consist of approximately 91 vehicle owners whose vehicles defendants seized and impounded at any time from July 28, 2020, to November 1, 2022 ("the Class period"), under the authority of Cal. Veh. Code § 14602.6. (Defense counsel states defendants ceased imposing § 14602.6 impounds shortly after July of last year). Class members are identifiable by computer data that accurately identifies, by vehicle's owner's name and address, license plate number and/or vehicle identification number ("VIN") vehicles defendants directed be impounded under § 14602.6. The computer data also establishes the out-of-pocket expenses each class member incurred in connection with the vehicles' seizure and storage. Cook decl. ¶¶5-6.

The class size establishes numerosity. *E.g.*, *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1319 (9th Cir.), *vacated on oth. grds.,* 459 U.S. 810 (1982); *Gay v. Waiters' and Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 (9th Cir. 1977).

### B.  Commonality (Rule 23(a)(2)).

#### 1. Impound Class.

For all class members, defendants effected and enforced § 14602.6 thirty day vehicle impounds without obtaining a warrant or judicial review of any type. FAC ¶¶17, 20. Thus, for every class member common dispositive issues include:

*Fourth Amendment* – The absence of Fourth Amendment justification for the continued impoundment of the vehicle even though its registered owner is willing and able to reclaim the vehicle (by payment of accrued fees and presentation of a licensed driver to take possession), see *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017); *Sandoval v. County of Sonoma*, 912 F.3d 509, 516-17 (9th Cir. 2018); *Brewster v. City of Los Angeles*, 2023 U.S. Dist. Lexis 124570 (C.D. Cal. 2023) @ *33-*35 (filed 7/17/23).

*Fifth Amendment (Takings Claim)* – The absence of Fourth Amendment justification for the thirty day § 14602.6 impound also establishes a Fifth Amendment

taking of property without justification. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 543 (2005) ("[I]f a government action is found to be impermissible — for instance because it fails to meet the 'public use' requirement . . . that is the end of the [Takings Clause] inquiry. No amount of compensation can authorize such action.").

Here, Plaintiffs contend defendants imposed § 14602.6 thirty day impounds rather than simply removing the vehicle from the street pursuant to § 22651(p), which would have enabled the owner to immediately claim his vehicle, see *Brewster*, 859 F.3d at 1197-98, so as to punish the vehicle's owner for permitting an unlicensed driver to drive the vehicle. FAC ¶65. That is a common issue with the same answer for all class members. *Brewster v. City of Los Angeles*, 2023 U.S. Dist. LEXIS 82369 (C.D. Cal. 2023) @ *226-*232 (filed 5/9/23).

*$1,100 Impound Fee* – Pursuant to Cal. Veh. Code § 22850.5(a), a California public entity is entitled to charge vehicle owners a fee "equal to its administrative costs relating to the removal, impound, storage, or release of [] vehicles" the entity tows and stores. Among California agencies, this "administrative fee" as it is known, ranges from about $100 to $150 depending on the agency. Cook decl. ¶7. The administrative fee Santa Monica charges for vehicles defendants impound under any vehicle code provision *other than § 14602.6*, e.g., § 22651(p), is only about $150.00. Cook decl. ¶8. However, when Santa Monica effects a 30 day § 14602.6 impound, the administrative fee jumps to about $1,100. Cook decl. ¶9. Thus, the common issue for all class members which has the same answer for all, is the $1,100 release fee in violation of § 22850.5(a) because it greatly exceeds Santa Monica's actual "administrative costs relating to the removal, impound, storage, or release of [30 day impounded] vehicles"?

2. Hearing Class.

According to defendants' policy, Santa Monica provides every owner of a vehicle defendants impound under § 14602.6, an identically-worded form (except for owner and vehicle identifiers and impound date) entitled "Notice of Stored Vehicle (22852 CVC)," commonly known as a "CHP 180" short form. See Cook decl. ¶3 and **Exhibit A** hereto.

00157110.WPD

As explained by Judge Bernal in *Brewster v. City of Los Angeles*,[3] defendants' use of the CHP 180 form raises serious constitutional due process notice issues common to *all* owners of § 14602.6 impounded vehicles:

● The form tells the owner his vehicle was "impounded" and *not* "stored," while also telling the owner the § 22852 storage hearing is only for a "stored" vehicle;

● By its sole reliance on § 14602.6 as the storage authority, the form informs the owner he can obtain an early release of his vehicle only under a provision of § 14602.6 that authorizes an early release, *i.e.*, the form wrongly tells owners they cannot obtain early release contrary to the Ninth Circuit's holdings in *Brewster* and *Sandoval*.

● The CHP 180 form was drafted *before* the enactment of § 14602.6, and thus was intended to advise owners of vehicles stored under § 22651 of their right to a § 22852 "storage" hearing that contests the community caretaking justification for removing the vehicle from the street, and *not* justification for impounding for 30 days a vehicle under § 14602.6.

Thus, defendants' use of the CHP 180 form is a common issue justifying class certification. *Gete v. INS*, 121 F.3d 1285, 1295-97 (9th Cir. 1997); *Brewster v. City of Los Angeles*, 2023 U.S. Dist. Lexis 124570 (C.D. Cal. 2023) @ *54-*55 (filed 7/17/23).

**C.    Typicality (Rule 23(a)(3)).**

"The commonality and typicality requirements of Rule 23(a) tend to merge." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982); *Stanton v. Boeing*, 327 F.3d 938, 957 (9th Cir. 2003) (same). The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992). If the representative "claim arises from the same event, practice or

---

[3] 2023 U.S. Dist. LEXIS 82369 @ *33-*36 & n.19, *157-*169 (filed 5/9/23).

00157110.WPD

course of conduct … and is based upon the same legal theory, varying factual differences" will not render the class representative's claim atypical. *Jordan*, 669 F.2d at 1321. Commonality and typicality "mandate only that complainants' claims be common, and not in conflict." *Hassine v. Jeffes*, 846 F.2d 169, 177 (3rd Cir. 1988). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020 .

Plaintiffs' claims are based upon the same legal theories as the claims of the class members they represent, with all claims arising from the same municipal policy (enforcement of § 14602.6 thirty day impounds). Moreover, both Plaintiffs and the class members all suffered actual damages as a result of having their vehicles wrongfully seized and impounded. The actual damages suffered by these representative plaintiffs – having to pay to get their vehicles out of impound – are similar in type and amount to the actual damages suffered by each member of the class.

**V.      Adequacy of Representation (Rule 23(a)(4)).**

> *Class Representatives Interests Are Not Antagonistic To The Interests Of The Class*

Rule 23(a)(4)'s requirement for adequate representation is met when 1) there is no conflict of interest between the legal interests of the named plaintiffs and those of the proposed class, and 2) counsel for the plaintiffs is competent to represent the class. *Lerwill Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978); *In Re: Northern Dist. Of Cal Dalkon Shield Etc.,* 693 F.2d 847, 855 (9th Cir. 1982); *Stanton,* 327 F.3d at 957.

The interests of all members of the class are aligned in this action. There is no anticipated or actual conflict of interests.  There is no conflict of interest between the damages claims of the named Plaintiffs and the proposed classes. Claims of both are based on wrongful impoundment of vehicles under § 14602.6 pursuant to the same municipal generally applicable to all vehicle owners.

00157110.WPD

Meanwhile, counsel has successfully represented plaintiffs in other class actions involving civil rights allegations. The defendants' actions subjected all of the plaintiff class to the same unlawful conduct. Plaintiffs and class members all suffered substantially similar injuries – temporary loss of property requiring a monetary payment for its return – differing only as to degree (*i.e.*, amount paid to recover the vehicle) while constituting the same type of injury pursuant to the same type of same police conduct. So the named Plaintiffs have suffered injuries that are representative of the class.

*Counsel Is Well Qualified To Represent The Class*

Plaintiffs' counsel include Donald W. Cook and Cynthia Anderson-Barker, both experienced class action and civil rights practitioners. Furthermore, Mr. Cook has substantial class action experience in successfully representing owners of impounded vehicles. Cook decl. ¶¶12-15.

## VI.    The Proposed Classes Satisfy Rule 23(b) Requirements.

"In order to be maintained as a class action, a representative suit must comply with the requirements of each of the four subsections of Rule 23(a), and must satisfy the additional requirements of at least one of the three subdivisions of Rule 23(b)." H. NEWBERG & A. CONTE, NEWBERG ON CLASS ACTIONS (4TH ED. 2002) (hereafter "NEWBERG") § 4:1. Plaintiffs' damages class easily meets the requirements of 23(b)(1) and (3).

Rule 23(b)(1) provides that a class action may be maintained where prosecution by or against individual class members would create a risk of either (a) inconsistent or varying adjudications that could establish incompatible standards, or (b) adjudication with respect to individual class members that would, as a practical matter, dispose of others' claims or substantially impair or impede their ability to defend their interests. Under this standard, the defendants should prefer a class action. Although certification under this rule is relatively rare, it has been expressly applied in other civil rights cases. *See, e.g., Chang v. United States*, 217 F.R.D. 262, 273 n.5 (D.D.C. 2003).

The class action is also the "superior" form of adjudication. The value of each

00157110.WPD

class member is relatively small (a few thousand dollars); thus, because the interest of any class member in bringing her own lawsuit is low, certification is favored. *E.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997); *Tardiff v. Knox County*, 365 F.3d 1, 7 (1st Cir. 2004). No class member has a large claim or stake in controlling the litigation; there are no similar cases pending; and this Court is an appropriate forum. Consequently, this case is very manageable, particularly since the identity of class members and their individual damages are readily determinable from the data available from the two tow companies, Santa Monica, and the DMV. *Windham v. American Brands, Inc.*, 565 F.2d 59, 68 (4th Cir.1977) (no manageability problem where formula calculations can determine damages). And given that common questions of fact and law predominate, Rule 23(b)(3) is satisfied.

Finally, that damages for the individual Plaintiffs and class members may vary depending on length of wrongful impoundment, that does not defeat certification. *Tardiff v. Knox County*, 365 F.3d 1, 6 (1st Cir. 2004); *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 141 (2nd Cir. 2001); *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 426 (4th Cir. 2003); *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290 (5th Cir. 2001); *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. Fla. 2003); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1259 (11th Cir. 2004).

## VII. Conclusion.

For the forgoing reasons, the instant motion should be granted.

DATED: August 18, 2023

**CYNTHIA ANDERSON-BARKER**
**CHRISTIAN CONTRERAS**
**DONALD W. COOK**
Attorneys for Plaintiffs

By_____

Donald W. Cook

00157110.WPD

## DECLARATION OF DONALD W. COOK

I, DONALD W. COOK, declare:

1.  I am an attorney and a member of the bar of this Court. I am one of the attorneys representing the Plaintiffs.

2.  I have represented, and continue to represent, numerous plaintiffs who have sued contending that a police department unlawfully seized and impounded their vehicles. Besides the present case, "30-day impound" cases in which I represented the plaintiffs are *Ricardo Castillo et al. v. City of Maywood, et al.*, L.A.S.C. BC 469942; *Carol Watson v. City of Los Angeles*, L.A.S.C. No. BC480373; *Salazar v. Schwarzenegger*, 2:07-cv-1854 SJO (VBKx); *Leonardo Gonzalez-Tzita v. City of Los Angeles*, 2:16-cv-194 FMO (Ex); *Brewster v. City of Los Angeles*, 5:14-cv-2257 JGB (SPx); *Mateos-Sandoval v. County of Sonoma*, 3:11-cv-5817-EMC (Northern District of California); *Mann et al v. State of California et al.*, L.A.S.C. No. 20STCV21366.

3.  Over the last 16 years, on behalf of my clients I have sued over 25 different agencies throughout the state regarding vehicle impounds under Cal. Veh. Code § 14602.6. Agencies sued range as far south as San Diego County and as far north as Sonoma County. On my clients' behalf I have also sued the California Highway Patrol ("CHP") over its 30 day impound policy. In the course of the litigation, I have discovered that almost *all* California agencies (there are only one exception I know of) use the same CHP 180 short form to inform a vehicle owner her vehicles was seized. A true copy of that form (which I obtained in discovery from the CHP is attached hereto as **Exhibit A**. The Santa Monica defendants use the same CHP 180 form. SMPD Policy 502 "Vehicle Towing and Release," ¶502.2.1.

4.  In discovery in this lawsuit I have determined that for purposes of towing and storing vehicle Santa Monica officers direct be seized, Santa Monica contracts with two privately-owned vehicle towing and storage garages: All City Tow and Tip Top Tow Service. In response to subpoenas I issued, both company produced their computer data on vehicles these companies towed at the behest of Santa Monica officials. The data

00157110.WPD

(produced in electronic form readable by Microsoft Excel) includes, for each vehicle
towed, the following:

   A. The date the vehicle was towed, and its release date;

   B. Vehicle identifiers (make, model, year, license number and VIN);

   C. The police agency that directed the vehicle be towed;

   D. The statutory authority under which the vehicle was towed;

   E. The accrued towing and storage charges, and the amount;

   F. Who paid the charges for the vehicle's release (who may or may not be
the owner).

 5. Additionally, from the discovery defendants have produced to-date which
included a partial production of Santa Monica's electronic data recording vehicles
towed and impounded, the Santa Monica data appears to also include, along with the
vehicle's identifiers, the vehicle owner's identifiers. In any event, I know from my
experience in representing the plaintiffs in the *Gonzalez-Tzita* lawsuit, that by using the
VIN identifiers the two towing companies produced, via subpoena on the California
DMV Plaintiffs can obtain from the DMV the name and address of every owner of a
vehicle Santa Monica impounded under Cal. Veh. Code § 14602.6.

 6. The towing data produced to-date shows that between July 28, 2020 and July
23, 2022, Santa Monica officials seized and impounded under § 14602.6, 91 vehicles.
There may be a few more than 91 but as defense counsel informed me her clients were,
as of November 1, 2022, no longer impounding vehicles under § 14602.6, the number
of additional § 14602.6 impounds after July 23, 2022, will be very few if any.

 7. To my knowledge, all California agencies that have vehicles towed and stored
(or impounded) charge an administrative fee, pursuant to Cal. Veh. Code § 22850.5(a)
and which the vehicle owner must pay before she can reclaim possession. Until this
present lawsuit, I have not encountered an agency that has an administrative release fee
greater than $160; most range in the neighborhood of about $100 to $150.

 8. Per discovery defendants produced, for any vehicle seized and impounded

00157110.WPD

*other than a 30 day § 14602.6 impound*, Santa Monica currently charges slightly more than $150; going back to 2016-17, the amount was about $140. This amount is consistent with what I have learned other agencies charge.

9.  However, for vehicles Santa Monica impounds under § 14602.6, Santa Monica has a current release fee of about $1,100, a slight increase over the years (in 2016-17, the fee was about $960). Plaintiff Mr. Perryman, whose vehicle was impounded under § 14602.6 in July 2021, had to pay the City an administrative release fee of $1,095.05 in additional to paying the tow company about $2,500 in towing and storage charges.

10.  Before this lawsuit, I have never encountered or heard of an agency having an administrative fee anywhere near the $1,000+ that Santa Monica charges. Nor have I ever heard of an agency that has administratives fees in different amounts depending upon the vehicle code section under which the vehicle was towed. That is, other than Santa Monica, all agencies I know of charge the same amount (in the range of $100 to $200 depending on the agency) as the administrative fee regardless of the code section under which the vehicle was towed.

11.  In response to Plaintiffs' discovery requests and in response to a public records request a colleague made, Santa Monica purported to produce its records on how it came up with the $1,000+ administrative fee for § 14602.6 impounds. I have reviewed those records and have found *nothing* that explains or otherwise shows how Santa Monica came up with its $1,000+ fee.

*QUALIFICATIONS OF COUNSEL*

12.  Along with other counsel and my partner (now retired), for nearly 40 years I have been successfully representing Plaintiffs in class action lawsuits for injunctive relief and damages sought under 42 U.S.C. § 1983:

● *Lamya Brewster et al. v.  City of Los Angeles*, 5:14-cv-2257 JGB (SPx) (Class action against City of Los Angeles and LAPD over its § 14602.6 thirty day vehicle impound policy; summary judgment granted for plaintiffs and class members. Reported decision at *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017));

00157110.WPD

- *Gonzalez-Tzita et al. v. City of Los Angeles et al.*, 2:16-cv-194 FMO (Class action against City of Los Angeles over its 30 day vehicle impound policy for "bandit taxis." Class of vehicle owners certified and class settlement of $1,700,000 approved.);

- *Workers Organizing Network Multi-Ethnic Immigrant et al., v. City of Los Angeles, et al.*, CV07-3072 AHM (FMMx) ("MIWON") (injunctive relief / damages class action);

- *Lopez v. Youngblood*, EDCV-F-07-0474 DLB (damages strip search class action against Kern County certified);

- *Craft v. County of San Bernardino*, EDCV 05-0359 SGL (OPx) (damages class action for strip searching jail inmates; settlement for approximately $26,000,000);

- *Valenzuela v. County of Los Angeles*, CV 02-9092 ABC (JWJx) (class action for injunctive relief against LASD on behalf of Los Angeles County hearing impaired residents);

- *Berg v. City of Los Angeles*, CV01-7046 FMC (damages class action against LAPD for shooting "less lethal" weapons into crowds during demonstration at 2000 Democratic National Convention in Los Angeles; settled in 2004 for approximately $1.2 million);

- *Doe 1 v. County of San Bernardino*, EDCV01-523 RT (class action that successfully sought reform of County's treatment of, and educational services provided to, juveniles adjudicated wards of the juvenile court; nominated (with others) for 2007 Trial Lawyer of the Year for participation in this lawsuit);

- *Diamond v. Los Angeles Police Department*, CV 00-11110 ABC (AIJx) (class action against LAPD for injunctive relief on behalf of Los Angeles City hearing-impaired residents);

- *Williams v. County of Los Angeles*, CV 97-3826 CW (successful reformation of County's strip search policy for court-ordered releases; structural reforms to eliminate overdetentions; payment of $27,000,000 in class damages) (*Williams* was consolidated with a number of similar actions (CV 98-02475-CW; CV 98-03187-CW; CV

00157110.WPD

98-09573-CW; CV 98-09574-CW; CV 98-09575-CW; CV 98-09683-CW; CV
98-09695-CW; CV-99-00586);

● *Thomas v. County of Los Angeles*, CV 90-5217 TJH (Ex) (reported in part at
*Thomas v. County of Los Angeles*, 978 F.2d 504 (9th Cir. 1992) (certified class action
for injunctive relief against law enforcement agency). Following a jury trial, Thomas
settled in 1995 for $7,500,000. The settlement includedcagreement the Sheriff's
Department would implement a force tracking system, which the Department's Special
Counsel describes as "a first-rate system by which to monitor trends in personnel
performance on an individual-byindividual basis or by groupings of individuals.").

13.  Although the following cases were not certified as class actions, I have been
co-counsel in numerous cases which had many of the attributes of a class action lawsuit,
e.g., *Palmer v. City of Los Angeles*, CV88-06376 RMT (JRx) ($3.5 million for about 55
plaintiffs arising from LAPD's destruction of homes and wrongful arrests); *Lawson v.
City of Los Angeles*, LA Superior No. BC 031232 ($3.5 million for approximately 60
victims of LAPD police dogs, plus structural reform of canine program).

14.  Attached as **Exhibit B** is a list of my published decisions in which I secured
a favorable outcome for my clients.

15.  My co-counsel Cynthia Anderson-Barker was also co-counsel for the
plaintiffs in the above listed class action cases of *Workers Organizing Network
Multi-Ethnic Immigrant*, *Berg*, *Craft* and *Doe 1*.

I declare under penalty of perjury that the foregoing is true and correct. Executed
August 18, 2023, at Los Angeles, California.

_____
Donald W. Cook

00157110.WPD

## DECLARATION OF SHERMAN A. PERRYMAN

**ACKNOWLEDGMENT AND AGREEMENT TO PERFORM
DUTIES OF CLASS REPRESENTATIVE**

1. I, Sherman A. Perryman, understand that in agreeing to be represented by Donald W. Cook I may be selected to be a class representative in a class action lawsuit.

2. I understand that being a class representative means that I have duties and responsibilities to the class and that I am not permitted to make decisions about the lawsuit based just on my own personal interests.

3. A class representative represents the interests of all class members in a lawsuit filed to recover money damages for the class.

4. A class representative has claims which are typical of the members of the class. This is known as <u>common issues</u> of law or of fact. For example, as a class representative, your claims against the defendants are <u>typical</u> of the claims of the members of the class against them because each class member incurred damages or injuries as a result of a common event. In this case, the "common event" was wrongful seizure of a vehicle.

5. A class representative always considers the interests of the class as a whole just as his or her own personal interests would be considered.

6. A class representative participates actively in the lawsuit by such things as testifying at deposition and trial, answering written interrogatories, providing information to Attorneys that is felt necessary for the case, and by keeping Attorneys advised of their current whereabouts at all times. It is essential that Attorneys have a means to contact a class representative on very short notice as needs may arise.

7. A class representative recognizes and accepts that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be in the best interests of the class

00152868.WPD

as a whole.

8.  A class representative accepts the possibility that, in the event the case is lost, the court may assess certain of defendants' costs of litigation against the class representatives.

9.  A class representative is not required to be particularly sophisticated or knowledgeable with respect to the subject of the lawsuit.  However, the class representative should be interested, on a continuous basis, in the progress of the lawsuit, and must make every effort to provide class counsel with all relevant facts.

10.  A class representative volunteers to represent many other people with similar claims and damages.  The class representative believes that it is important that all benefit from the lawsuit equally, because a class lawsuit will save time, money, and effort.  Thus, a class action will benefit all parties, and the court.  Such an action is an important tool to assure compliance with the law, and to ensure just compensation to all those similarly situated.

I have reviewed and acknowledge my duties as a class representative in the proceedings against the City of Santa Monica and all defendants named in this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 23 , 2022, at Los Angeles, California.

*sherman perryman*
Sherman A. Perryman

00152868.WPD

**-21-**

# NOTICE OF STORED VEHICLE (22852 CVC)

NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

| REPORTING DEPARTMENT | | LOCATION CODE | DATE / TIME OF REPORT | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY | FILE NO. |
|---|---|---|---|---|---|

| LOCATION TOWED / STOLEN FROM | | ODOMETER READING | VIN CLEAR IN SVS? ☐ YES ☐ NO | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|---|
| | | | LIC. CLEAR IN SVS? ☐ YES ☐ NO | | |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE NO. | ☐ ONE ☐ TWO | MONTH / YEAR | STATE |
|---|---|---|---|---|---|---|---|---|

| VEHICLE IDENTIFICATION NO. | ENGINE NO. | VALUATION BY ☐ OFFICER ☐ OWNER ☐ 0-500 ☐ 501-4000 ☐ 4001+ ☐ $ |
|---|---|---|

| ☐ | REGISTERED OWNER | | ☐ SAME AS R/O | LEGAL OWNER |
|---|---|---|---|---|

| ☐ STORED | ☐ IMPOUNDED | ☐ RELEASED | ☐ RECOVERED - VEHICLE / COMPONENT |
|---|---|---|---|

| TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE) | STORAGE AUTHORITY / REASON |
|---|---|

| REASON FOR STOP | AIRBAG? ☐ YES ☐ NO ☐ 1 ☐ 2 | DRIVEABLE? ☐ YES ☐ NO ☐ JUNK ☐ UNK | VIN SWITCHED? ☐ YES ☐ NO |
|---|---|---|---|

| CONDITION | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | TIRES / WHEELS | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WRECKED | | | SEAT (FRONT) | | | REGISTRATION | | | CAMPER | | | LEFT FRONT | |
| BURNED HULK per 431(e) CVC | | | SEAT (REAR) | | | ALT. / GENERATOR | | | VESSEL AS LOAD | | | RIGHT FRONT | |
| VANDALIZED | | | RADIO | | | BATTERY | | | FIREARMS | | | LEFT REAR | |
| ENG. / TRANS. STRIP | | | TAPE DECK | | | DIFFERENTIAL | | | OTHER | | | RIGHT REAR | |
| MISC. PARTS STRIP | | | TAPES | | | TRANSMISSION | | | | | | SPARE | |
| BODY METAL STRIP | | | OTHER RADIO | | | AUTOMATIC | | | | | | HUB CAPS | |
| SURGICAL STRIP per 431(b) CVC | | | IGNITION KEY | | | MANUAL | | | | | | SPECIAL WHEELS | |

| RELEASE VEHICLE TO: ☐ R/O OR AGENT ☐ AGENCY HOLD ☐ 22850.3 CVC | GARAGE PRINCIPAL / AGENT STORING VEHICLE (SIGNATURE) | DATE / TIME |
|---|---|---|

| NAME OF PERSON / AGENCY AUTHORIZING RELEASE | I.D. NO. | DATE | CERTIFICATION: I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT I AM LEGALLY AUTHORIZED AND ENTITLED TO TAKE POSSESSION OF THE ABOVE DESCRIBED VEHICLE. |
|---|---|---|---|

| SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON TAKING POSSESSION |
|---|---|

## CHP 180 form "half-sheet"

SEE REVERSE FOR INFORMATION

-22-

# EXHIBIT A

## NOTICE OF STORED VEHICLE (22852 CVC)

CHP 180S (Rev. 6-15)
NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS
BY THE CALIFORNIA HIGHWAY PATROL

### A. ATTENTION VEHICLE OWNER

The vehicle identified on the reverse side, registered/owned in your name, was stored pursuant to the provisions of the California Vehicle Code (CVC) by the agency shown below.

Under the provisions of Section 22852 CVC, you have the right to a hearing to determine the validity of this storage. If you choose to contest the validity of this storage, you shall request the hearing in person, writing, or by telephone at the office identified as the Storing Agency on this form.

Your request for a hearing shall be received at the Storing Agency's office within ten (10) days from the date of this notice. If you request a hearing, it will be conducted within 48 hours of the request, excluding weekends and holidays. The vehicle storage hearing is an informal process to determine whether or not a vehicle was lawfully stored.

If the hearing determines the storage to be unlawful, the storing agency will be responsible for the towing and storage charges. Your failure to request or attend a scheduled hearing shall satisfy the Post-Storage Validity requirements of Section 22852 CVC. If you have any questions, or if this vehicle is no longer owned by you, please contact the Storing Agency shown below.

### B. CERTIFICATION

I hereby certify that notices with postage prepaid were deposited in the United States Mail, and these notices, of which this is a copy, were addressed to the person named herein.

NAME / TITLE

LOCATION                                                      DATE DEPOSITED

### C. NOTICE TO DEPARTMENT OF JUSTICE

☐ Owner cannot be identified          ☐ Owner cannot be notified

We have been unable to give notice to the owner of record as required by the Notice of Stored Vehicle (22852 CVC) and the vehicle, after 120 hours of storage, has not been returned. Send to Department of Justice, Stolen Vehicle Unit, P.O. Box 903387, Sacramento, CA 94203-3870.

## AVISO DE VEHÍCULOS ALMACENADOS (22852 CVC)

CHP 180S (Rev. 4-13)
NOTA: CHP 180 ESTA PROVEYIDO A TODOS LOS OFICIALES POR LA PATRULLA DE CAMINOS
DE CALIFORNIA

### A. PROPIETARIO DEL VEHÍCULOS ATENCIÓN

El vehículo identificado en el reverso, propiedad/registrado a su nombre, se almacenó en virtud de las disposiciones del código de vehículos de California (CVC) por la agencia que se muestra a conituación.

Bajo las disposiciones de la sección 22852 CVC, usted tiene el derecho a una audiencia para determinar la validez de este almacenamiento. Si usted decide impugnar la validez de este almacenamiento, deberá solicitar la audiencia en persona, escribir, o por teléfono en la oficina, identificada como la Agencia de almacenamiento en este formulario.

Su petición para una audiencia será recibido en la oficina de la Agencia de almacenamiento dentro de diez 10 días desde la fecha de este aviso. Si usted solicita una audiencia, se realizará dentro de 48 horas de la solicitud, excluyendo los fines de semana y días feriados. La audiencia de almacenamiento del vehículo es un proceso informal para determinar si o no un vehículo legalmente fue almacenado.

Si la audiencia determina el almacenamiento a ser ilegal, la Agencia almacenamiento será responsable de los cargos de remolque y almacenaje. La imposibilidad de solicitar o asistir a una audiencia programada deberá cumplir los requisitos de la Post-Storage de sección 22852 CVC. Si usted tiene alguna pregunta, o si este vehículo ya no es propiedad de usted, póngase en contacto con la Agencia de almacenamiento se muestra a continuación.

**STORING AGENCY / AGENCIA ALMACENAMIENTO**

**CHP 180 form "half-sheet"**          **-23-**          **EXHIBIT A**

**PUBLISHED DECISIONS**
(Donald W. Cook)
(October 2021)

● *Ordonez v. Stanley*, 495 F.Supp.3d 855 (C.D. Cal. 2020) (Holding that CHP officers violated Fourth Amendment and due process in effecting 30 day vehicle impound).

● *Sandoval v. County of Sonoma*, 912 F.3d 509 (9th Cir. 2018) (Holds that municipal defendants' 30 day impounds of plaintiffs' vehicles violated the Fourth Amendment and that municipal defendants were liable for the § 1983 violations.).

● *Brewster v. Charlie Beck*, 859 F.3d 1194 (9th Cir. 2017) (Holds that 30 day vehicle impound under Cal. Veh. Code § 14602.6(a)(1) is a Fourth Amendment "seizure" that must be justified by either a warrant or exception to the warrant requirement; judgment dismissing lawsuit reversed.).

● *City of Los Angeles v. Superior Court (Anderson-Barker)*, 9 Cal.App.5th 272 (2017) (California Public Records Act. Court holds that in a CPRA enforcement petition, the petitioner can pursue discovery as a matter of statutory right as in any civil lawsuit).

● *Garcia v. County of Riverside*, 817 F.3d 635 (9th Cir. 2016) (Affirms denial of qualified and quasi-judicial immunity for wrongful incarceration of person on another person's warrant; holds that jailer has due process obligation to investigate claim of wrongful incarceration where official information puts jailer on notice that arrestee has been mis-identified as the warrant's subject).

● *Bravo v. City of Santa Maria*, 810 F.3d 659 (9th Cir. 2016) (Affirms judgment holding police agency and individual defendants liable under 42 U.S.C. § 1983 for procurement and execution of invalid search warrant invalid; upholds fee award under 42 U.S.C. § 1988);

● *Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015) (Action under 42 U.S.C. § 1983; holds that plaintiffs who were organizers of event had standing to challenge the warrantless entry into warehouse violated the Fourth Amendment);

● *Mateos-Sandoval v. County of Sonoma*, 72 F.Supp.3d 997 (N.D. Cal. 2014) (30 day impound of vehicle is a Fourth Amendment "seizure" not justified by an exception to the warrant requirement);

● *Gant et al. v. County of Los Angeles, et al.*, 772 F.3d 608 (9th Cir. 2014) (Claim for wrongful arrest and imprisonment under 14th Amendment and Cal. Civ. Code § 52.1 reinstated and remanded for trial);

● *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014) (Estate entitled to damages for decedent's pain and suffering prior to death; successful § 1983 claim for excessive force established claim under Cal. Civ. Code § 52.1; parents have due process § 1983 claim based on wrongful police killing of parents' son) (Robert Mann & Donald W. Cook among the attorneys for the plaintiffs);

● *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013) (District court abused its discretion in reducing plaintiffs' attorney fees under 42 U.S.C. § 1983) (Robert Mann & Donald W. Cook among the attorneys for the plaintiffs);

**EXHIBIT B**

● *Mateos-Sandoval v. County of Sonoma*, 942 F.Supp.2d 890 (N.D. Cal. 2013) (Seizure of vehicle under Cal.Veh.Code §14602.6 violated the Fourth Amendment).

● *Rodriguez v. County of Los Angeles*, 217 Cal.App.4th 806 (2013) (Upholding respondent superior liability of county jail for false imprisonment);

● *County of Los Angeles v. Superior Court (Anderson-Barker)*, 211 Cal.App.4th 57 (2012) (Public Records Act - pending litigation);

● *Bravo v. City of Santa Maria*, 665 F.3d 1076 (9th Cir. 2011) (Action under 42 U.S.C. § 1983; court holds search warrant invalid);

● *Hooper v. County of San Diego*, 629 F.3d 1127 (9th Cir. 2011) (Cal. Penal Code § 148 conviction not a bar to a suit for damages under 42 U.S.C. § 1983);

● *Millender v. County of Los Angeles*, 620 F.3d 1016 (9th Cir. 2010) (*en banc*) (upholding claim of overbroad search warrant and rejection of qualified immunity), *rev'd in part  Messerschmidt v. Millender*, 132 S.Ct. 1235 (2012) (Robert Mann was counsel of record for Respondents);

● *Lopez v. Youngblood*, 609 F. Supp. 2d 1125 (E.D. Cal. 2009) (damages strip search class action against Kern County);

● *Venegas v. County of Los Angeles*, 153 Cal.App.4th 1230 (2007) (federal "qualified immunity" not a defense to Civil Code § 52.1 action);

● *Perez-Torres v. State of California*, 42 Cal.4th 136 (2007) (Parole agent not immune for wrongful incarceration of person mistakenly identified as a parolee);

● *Craft v. County of San Bernardino*, 468 F. Supp. 2d 1172 (C.D. Cal. 2006) (damages class action for strip searching jail inmates);

● *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (*en banc*) (a civil rights plaintiff's conviction under Cal. Penal Code § 148 does not bar his federal lawsuit; definition of deadly force under *Tennessee v. Garner* and its application to police dog attacks);

● *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004) (Civil Code § 52.1 does not require racial bias; falsely arresting person involves "coercion");

● *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003) (attorney and law firm liable for accessing minor's juvenile case file without juvenile court authorization);

● *Fairley v. Luman*, 281 F.3d 913 (9th Cir. 2002) (failure to institute readily available procedures for decreasing the risk of erroneous detention of wrong person on a warrant violates Due Process);

● *Sorchini v. City of Covina*, 250 F.3d 706 (9th Cir. 2001) (federal appellate rules);

● *Haynie v. Superior Court*, 26 Cal.4th 1061 (2001) (availability of police records under

**EXHIBIT B**

California Public Records Act);

- *Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000) (federal civil rights);

- *County of Los Angeles v. Superior Court (Axelrad)*, 82 Cal. App. 4th 819 (2000) (California Public Records Act);

- *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514 (9th Cir. 1999) (civil rights);

- *Fontana Police Department v. Villegas-Banuelos*, 74 Cal. App. 4th 1249 (1999) (California Public Records Act);

- *Fairley v. Superior Court (City of Long Beach)*, 66 Cal.App.4th 1414 (1998) (access to police records under California Public Records Act);

- *City of Los Angeles v. Superior Court*, 41 Cal.App.4th 1083 (1996) (California Public Records Act);

- *Nunley v. City of Los Angeles*, 52 F.3d 792 (9th Cir. 1995) (federal procedure);

- *City of Huntington Park v. Superior Court*, 34 Cal.App.4th 1293 (1995) (statute of limitations in civil rights actions);

- *Hand v. Farmers Insurance Co*., 23 Cal.App.4th 1847 (1994) (third party beneficiary judgment creditor of insured may sue insurer for breach of the covenant of good faith and fair dealing, "bad faith");

- *Medrano v. City of Los Angeles*, 973 F.2d 1499 (9th Cir. 1992) (civil rights);

**EXHIBIT B**