**CHRISTIAN CONTRERAS** (CSB 330269)
LAW OFFICES OF CHRISTIAN CONTRERAS, A PROF. CORP.
360 E. 2nd Street, 8th Floor
Los Angeles, CA 90012
(323) 435-8000 / (323) 597-0101 fax
Email: cc@contreras-law.com

**DONALD W. COOK** (CSB 116666)
ATTORNEY AT LAW
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 fax
Email: manncooklaw@gmail.com

**CYNTHIA ANDERSON-BARKER** (CSB 175764)
LAW OFFICE OF CYNTHIA ANDERSON-BARKER
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 381-3246 / (213) 252-0091 fax
Email: cablaw@hotmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES CONTRERAS MURCIA and SHERMAN A. PERRYMAN, individually and as class representatives, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SANTA MONICA, et al., <br><br> Defendants. | Case No. 2:22-cv-5253-FLA-MAR <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: 11/21/25 <br> Time: 1:30 P.M. <br> Ctrm: 6B (1st Street) <br><br> Pretrial: vacated <br> Trial: vacated |

TO THE HON. FERNANDO L. AENLLE-ROCHA, UNITED STATES DISTRICT JUDGE:

PLEASE TAKE NOTICE that on Friday, November 21, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6B, United States District Court, 350 1st Street, Los Angeles, California, Plaintiffs will move the Court for an order as follows:

- Certifying an "Impound Class" defined as registered owners of vehicles impounded by employees of defendants City of Santa Monica and/or Santa Monica

00165000.WPD

1  Police Department at any time from July 28, 2020 through November 22, 2022, where

2  such impounds were pursuant to Cal. Veh. Code § 14602.6(a)(1);

3         ● Preliminarily appointing Plaintiffs Reyes Contreras Murcia and Sherman A.

4  Perryman as class representatives;

5         ● Preliminarily appointing attorneys Cynthia Anderson-Barker, Christian

6  Contreras and Donald W. Cook as class counsel;

7         ● Setting a date no earlier than six weeks following certification of the Impound

8  Class, for filing a motion for preliminary approval of class settlement.

9         Pursuant to L.R. 7-3 and the settlement agreement the parties reached, Plaintiffs'

10  understanding is that defendants will not oppose this motion.

11         The motion will be based upon this notice, the supporting memorandum of points

12  and authorities, Declaration of Donald W. Cook and attachments thereto (ECF *), all

13  pleadings on file with the Court in this action, and any evidence or oral argument

14  provided at the hearing on this motion.

15  DATED: October 24, 2025

16                    **CYNTHIA ANDERSON-BARKER**
                      **CHRISTIAN CONTRERAS**
17                    **DONALD W. COOK**
                      Attorneys for Plaintiffs

18

19  By_____

20                    Donald W. Cook

21

22

23

24

25

26

27

28

-2-

00165000.WPD

TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 6

I.     Case Overview and Relief Requested.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.    Thirty-Day Vehicle Impounds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       A.  Cal. Veh. Code § 14602.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
       B.  The City's (former) Policy On § 14602.6 Impounds. . . . . . . . . . . . . . . . . 9

III.   Standards for Class Certification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.    The Proposed Class Satisfies Rule 23(a). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

       A.  Numerosity (Rule 23(a)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
       B.  Commonality (Rule 23(a)(2)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
       C.  Typicality (Rule 23(a)(3)).  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
       D.  Adequacy of Representation (Rule 23(a)(4)). . . . . . . . . . . . . . . . . . . . 13

V.  Conclusion.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

00165000.WPD

Table of Authorities

Page(s)

***Cases***

*Allapattah Servs. v. Exxon Corp.*,
        333 F.3d 1248 (11th Cir. Fla. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bertulli v. Indep. Ass'n of Cont'l Pilots*,
        242 F.3d 290 (5th Cir. 2001)áç . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Betts v. Reliable Collection Agency, Ltd.*,
        659 F.2d 1000 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brewster v. Beck*,
        859 F.3d 1194 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11, 12

*Brewster v. City of Los Angeles*,
        2023 U.S. Dist. Lexis 124570 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . 11

*Brewster v. City of Los Angeles*,
        672 F.Supp.3d 872 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*California Highway Patrol v. v. Superior Court*,
        162 Cal.App.4th 1144 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gay v. Waiters' and Dairy Lunchmen's Union*,
        549 F.2d 1330 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*General Telephone Co. of Southwest v. Falcon*,
        457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gunnells v. Healthplan Servs.*,
        348 F.3d 417 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hanlon v. Chrysler Corp.*,
        150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hanon v. Dataproducts Corp.*,
        976 F.2d 497 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hassine v. Jeffes*,
        846 F.2d 169 (3rd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Visa Check/MasterMoney Antitrust Litigation*,
        280 F.3d 124 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In Re: Northern Dist. Of Cal Dalkon Shield Etc.*,
        693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jordan v. County of Los Angeles*,
        669 F.2d 1311 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 14

*Klay v. Humana, Inc.*,
        382 F.3d 1241 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

00165000.WPD

*Lerwill Inflight Motion Pictures, Inc.,*
  582 F.2d 507 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lingle v. Chevron U.S.A. Inc.*,
  544 U.S. 528 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Miranda v. City of Cornelius,*
  429 F.3d 858 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*,
  246 F.R.D. 621 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sandoval v. County of Sonoma*,
  912 F.3d 509 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Stanton v. Boeing,*
  327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Tardiff v. Knox County*,
  365 F.3d 1 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Constitutions / Statutes / Rules of Court**

Cal. Veh. Code § 14602.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9, 11-14

Cal. Veh. Code § 22651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 12

Federal Rules of Civil Procedure 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-13

Title 42, United States Code § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. Const., Amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

U.S. Const., Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

00165000.WPD

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I. Case Overview and Relief Requested.**

3

4

5

6

7

8

9

10

11

12

13

Under 42 U.S.C. § 1983 and state law, Plaintiffs sued the City of Santa Monica ("City"), its police department ("SMPD") and three city officials (Police Chief Batista, City Manger White, and SMPD Ofc. Lieb). Individually, Plaintiffs Reyes Contreras Murcia and Sherman A. Perryman sue contending defendants wrongfully seized and impounded under Cal. Veh. Code § 14602.6 Plaintiffs' respective vehicles (Murcia vehicle impounded July 23, 2022; Perryman vehicle impounded June 24, 2021). First Amended Complaint ("FAC") ¶¶23-36. Plaintiffs also sue as class representatives for persons whose vehicles defendants impounded under § 14602.6. Though the FAC sought both injunctive relief and damages, the injunctive relief claim became moot upon the City's change of policy concerning § 14602.6 impounds. Declaration of Donald W. Cook ["Cook decl."] ¶2 (ECF 77-1 @ page 2); ECF 77-2.

14

15

16

17

18

19

20

21

What is different between this motion and the earlier motion for class certification *and* preliminary approval of class settlement (see ECF 61 filed June 10, 2024) is that the present motion is limited to class certification. Assuming the Court certifies the proposed class, Plaintiffs will later bring a separate motion for preliminary approval of a class settlement. That way, all class members can receive notice of the proposed class settlement and thus have an opportunity to object *before* the Court issues a ruling on the proposed settlement, incentive payments, including any revisions the Court deems necessary (whether based on class members' objections or the Court's own imitative).

22

23

24

25

26

To further the above goal and assuming the Court certifies the class, Plaintiffs also seek an order that (a) sets a date no earlier than six weeks following class certification, for Plaintiffs to file a motion for preliminary class settlement approval); (b) that by the filing date of that motion, class members be served with the notice of motion and related documents (see Cook decl. 9(B) [ECF 77-1 @ page 5]).

27

28

Not addressed in this motion are the attorneys' fees and costs that may be awarded for Class Counsel. Plaintiffs will defer bringing that motion until after class

00165000.WPD

certification and preliminary approval of a class settlement (assuming both are granted). Although fees and costs are not before the Court, three points should be noted. First, a fees and costs motion will seek compensation per the lodestar methodology as established by 42 U.S.C. § 1988, *i.e.,* Plaintiffs will not be seeking a percentage of the class recovery (though the fees and costs would be paid out of the 2024 settlement amount). Second, assuming the Court certifies the proposed class and approves the 2024 class settlement, recoverable § 1988 fees will not exceed the $205,000 cap specified in Plaintiffs' counsel's 9/2/25 declaration (ECF 75 page 3 @ ¶8(B)). And third, any remaining funds not awarded for payment of fees or costs will be added to the recovery for class members.

Finally, also not addressed are the incentive payments, if any, to the two Plaintiffs, the proposed class representatives. This, Plaintiffs submit, should be addressed on a motion for preliminary approval of class settlement. At that stage putative class members will have an opportunity to object to the incentive payments while the litigation will be near its end stage, a more appropriate time for valuing class representatives' contribution to this litigation's prosecution.

**II.  Thirty-Day Vehicle Impounds.**

Because of the importance of the issue to certifying the proposed class, Plaintiffs address Cal. Veh. Code § 14602.6 (the 30 day vehicle impound statute) and the City's now-discontinued policy enforcing § 14602.6 thirty day vehicle impounds.

**A.  Cal. Veh. Code § 14602.6.**

Enacted in 1994, § 14602.6 permits a police officer to seize and remove from the street a vehicle if its driver is unlicensed as defined in subsection (a)(1) – never been licensed; suspended license for a traffic related offense; or a restricted license that requires its holder to drive only vehicles with an approved anti-lock device (prevents vehicle operation if the driver is intoxicated). If the officer elects to invoke § 14602.6, then the vehicle must be impounded for 30 days. Section 14602.6(a)(1); *Brewster v. Beck*, 859 F.3d 1194, 1195-96 (9th Cir. 2017).

00165000.WPD

1   Section 14602.6 has exceptions to the mandatory 30 day impound. They are (a)

2   if the driver was not unlicensed within the meaning of subdivision (a)(1); if the police

3   agency that seized the vehicle concludes there are "mitigating circumstances" for an

4   early release (the statute, however, does not define "mitigating circumstances"); if the

5   vehicle owner shows that the § 14602.6(a)(1) unlicensed driver is now licensed; if the

6   vehicle was stolen; if the vehicle was being driven under bailment (e.g., parking

7   attendant); if the vehicle was owned by a rental car agency (Hertz; Avis, etc.); or if the

8   vehicle's *legal* owner (the finance company) reclaims the vehicle. *See* subdivisions (b)

9   through (f) and (h) to § 14602.6.[1]

10   Significantly, § 14602.6 has *no* requirement for early release if the vehicle is

11   being held in the absence of community caretaking or other Fourth Amendment

12   justification, see *Miranda v. City of Cornelius*, 429 F.3d 858, 862-64 (9th Cir. 2005).

13   An alternative statute for removing a vehicle from a public street because its

14   driver is unlicensed, is subdivision (p) of Cal. Veh. Code § 22651. Section 22651(p),

15   unlike § 14602.6, applies to *any* unlicensed driver. The other major difference is that

16   when the police seize a vehicle pursuant to § 22651(p), its owner can *immediately*

17   reclaim the vehicle upon (a) payment of towing and storage charges and (b) presentation

18   of a licensed driver to take possession. *Brewster*, 859 F.3d at 1197-98.

19   When a vehicle is subject to seizure under either § 14602.6 or § 22651(p), it is

20   discretionary for the officer or agency as to which statute to invoke. *California Highway*

21   *Patrol v. v. Superior Court*, 162 Cal.App.4th 1144, 1148 (2008).[2]

22   ///

23

24   [1] If a legal owner or car rental agency reclaims the vehicle, the legal owner or agency

25   must continue to enforce the 30 day impound. See § 14602.6, subdivisions (g)(1) and (h)(1).

26

27   [2] Because § 14602.6(a)(1) applies only to a subset of unlicensed drivers whereas § 22651(p) applies to *all* unlicensed drivers, by definition a § 14602.6(a)(1) unlicensed

28   driver is also unlicensed within the meaning § 22651(p).

00165000.WPD

1

**B.  The City's (former) Policy On § 14602.6 Impounds.**

2      Before November 22, 2022 when the City instructed SMPD officers to release a

3   § 14602.6 impounded vehicle as if it had been impounded under § 22651(p) (immediate

4   release required upon the vehicle owner presenting a licensed driver to take possession

5   and payment of accrued towing and storage charges), defendants would *not* release a

6   vehicle from a 30 day impound if the SMPD officials believed the vehicle's owner may

7   drive the vehicle in the future as an unlicensed driver. That is, defendants treated an

8   owner's possible future driving as an unlicensed driver as constituting "community

9   caretaking" that authorized the 30 day impound.

10      The above conclusion is shown by defendants' § 14602.6 impound of Plaintiff

11   Murcia's vehicle. When SMPD impounded Mr. Murcia's vehicle, he was an unlicensed

12   driver within the meaning of § 14602.6(a)(1). Furthermore, SMPD officials claimed that

13   because Mr. Murcia allegedly told SMPD officers he would continue to drive his

14   vehicle as an unlicensed driver, that fact meant that under § 14602.6, his vehicle would

15   be impounded for 30 days. In opposing Plaintiff Murcia's TRO application (ECF 16

16   [filed 8/2/22]), defendants submitted a declaration from Matthew Lieb, the SMPD

17   officer responsible for "enforcement of the state Vehicle Code" including § 14602.6

18   impounds. ECF 19-2 (filed 8/3/22) @ 2:1-3. In his declaration Lieb stated he

19   "determined that it was very likely that Mr. Murcia, who does not have a driver's

20   license, would continue to operate the vehicle if it were to be released to him or to

21   another individual," and thus "Mr. Murcia's vehicle to Mr. Murcia or to his agent prior

22   to the end of the 30-day period *would be inconsistent with Santa Monica Policy Manual*

23   *section 503.2.1*." ECF 19-2 @ 3:7-9 (emphasis added).

24      The City's policy of enforcing 30 day § 14602.6 impounds in the absence of

25   Fourth Amendment justification is also established by the 30 day impound of Plaintiff

26   Perryman's vehicle. Six days after SMPD impounded his Mercedes, Mr. Perryman, a

27   layman, brought to defendants' attention *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017)

28   and its holding that a 30 day § 14602.6 impound like that effected against him can

00165000.WPD

violate the Fourth Amendment. ECF 77-3 @ page 1. City officials rejected *Brewster* and its holding, stating that once it was determined he was unlicensed within the meaning of § 14602.6(a)(1), the 30 day impound was "legal and valid." City officials further told him that the Cal. Veh. Code § 22852 "storage" hearing he had requested and been provided (which defendants call a "tow hearing") was limited to "only the legality of the tow and at the time of the tow and did the officer have legal right to tow the vehicle at the time of the tow." ECF 77-4 (Lieb letter to Perryman). In other words, the legal justification for removing Mr. Perryman's vehicle from the street was, per City policy, justification that mandated the 30 day impound.

**III.  Standards for Class Certification.**

Under F.R.Cv.P. 23 ("Rule 23"), a party seeking class certification must establish the following prerequisites:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a).

After satisfying the four prerequisites of numerosity, commonality, typicality, and adequacy, a party must also demonstrate one of the following: (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action. Rule 23(b)(1)–(3).

Rule 23 further provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues," Rule 23(c)(4), or the

00165000.WPD

1   "class may be divided into subclasses that are each treated as a class under this rule,"

2   Rule 23(c)(5). "This means that each subclass must independently meet the

3   requirements of Rule 23 for the maintenance of a class action." *Betts v. Reliable*

4   *Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981).

5   **IV.  The Proposed Class Satisfies Rule 23(a).**

6        **A.  Numerosity (Rule 23(a)(1))**.

7        The damages class consist of approximately 91 vehicle owners whose vehicles

8   defendants seized and impounded at any time from July 28, 2020, to November 22, 2022

9   ("the Class period"), under the authority of Cal. Veh. Code § 14602.6. Class members

10  are identifiable by computer data that accurately identifies vehicles impounded under

11  § 14602.6 an identification that includes license plate number and/or vehicle

12  identification number ("VIN"). From that information Plaintiffs can obtain class

13  members' current address. The computer data also establishes, for each impounded

14  vehicle, the out-of-pocket expenses each class member incurred in connection with the

15  vehicles' seizure and ultimate release, or for those vehicles not released (because they

16  were sold at a statutory lien sale) the vehicle's sale value. Cook decl. ¶¶3-5 (ECF 77-1).

17       The class size establishes numerosity. *E.g.*, *Jordan v. County of Los Angeles,* 669

18  F.2d 1311, 1319 (9th Cir.), *vacated on oth. grds.,* 459 U.S. 810 (1982); *Gay v. Waiters'*

19  *and Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 (9th Cir. 1977).

20       **B.  Commonality (Rule 23(a)(2)).**

21       *Fourth Amendment* – For all class members, defendants effected and enforced

22  § 14602.6 thirty day vehicle impounds without obtaining a warrant or judicial review

23  of any type. Cook decl. ¶9 (ECF 77-1). Thus, for every class member the common

24  dispositive issue is the absence of Fourth Amendment justification for the continued

25  impoundment of the vehicle even though its registered owner is willing and able to

26  reclaim the vehicle (by payment of accrued fees and presentation of a licensed driver to

27  take possession). *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017); *Sandoval v.*

28  *County of Sonoma*, 912 F.3d 509, 516-17 (9th Cir. 2018); *Brewster v. City of Los*

1   *Angeles*, 2023 U.S. Dist. Lexis 124570 (C.D. Cal. 2023) @ *33-*35 (filed 7/17/23).

2       *Fifth Amendment (Takings Claim)* – The absence of Fourth Amendment

3   justification for the thirty day § 14602.6 impound also establishes a Fifth Amendment

4   taking of property without justification. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528,

5   543 (2005) ("[I]f a government action is found to be impermissible — for instance

6   because it fails to meet the 'public use' requirement . . . that is the end of the [Takings

7   Clause] inquiry. No amount of compensation can authorize such action.").

8       Here, Plaintiffs contend defendants imposed § 14602.6 thirty day impounds rather

9   than simply removing the vehicle from the street pursuant to § 22651(p), which would

10  have enabled the owner to immediately claim his vehicle, see *Brewster*, 859 F.3d at

11  1197-98, so as to punish the vehicle's owner for permitting an unlicensed driver to drive

12  the vehicle. FAC ¶65. That is a common issue with the same answer for all class

13  members. *Brewster v. City of Los Angeles*, 672 F.Supp.3d 872, 973-76 (C.D. Cal. 2023).

14      **C. Typicality (Rule 23(a)(3)).**

15      "The commonality and typicality requirements of Rule 23(a) tend to merge."

16  *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982); *Stanton v.*

17  *Boeing*, 327 F.3d 938, 957 (9th Cir. 2003) (same). The test of typicality is "whether

18  other members have the same or similar injury, whether the action is based on conduct

19  which is not unique to the named plaintiffs, and whether other class members have been

20  injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497,

21  508 (9th Cir. 1992). If the representative "claim arises from the same event, practice or

22  course of conduct … and is based upon the same legal theory, varying factual

23  differences" will not render the class representative's claim atypical. *Jordan v. County*

24  *of Los Angeles, supra*, 669 F.2d at 1321. Commonality and typicality "mandate only that

25  complainants' claims be common, and not in conflict." *Hassine v. Jeffes*, 846 F.2d 169,

26  177 (3rd Cir. 1988). "[R]epresentative claims are 'typical' if they are reasonably co-

27  extensive with those of absent class members; they need not be substantially identical."

28  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

00165000.WPD

Plaintiffs' claims are based upon the same legal theories as the claims of the class members they represent, with all claims arising from the same municipal policy (enforcement of § 14602.6 thirty day impounds). Moreover, both Plaintiffs and the class members all suffered actual damages as a result of having their vehicles wrongfully seized and impounded. The actual damages suffered by these representative plaintiffs – loss of their respective vehicles for the impound period – are similar in type and amount to the actual damages suffered by each member of the class.

### D.  Adequacy of Representation (Rule 23(a)(4)).

*Class Representatives Interests Are Not Antagonistic To The Interests Of The Class*

Rule 23(a)(4)'s requirement for adequate representation is met when 1) there is no conflict of interest between the legal interests of the named plaintiffs and those of the proposed class, and 2) counsel for the plaintiffs is competent to represent the class. *Lerwill Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978); *In Re: Northern Dist. Of Cal Dalkon Shield Etc.,* 693 F.2d 847, 855 (9th Cir. 1982); *Stanton,* 327 F.3d at 957.

The interests of the two Plaintiffs and class members are aligned. *All* had their respective vehicles held in a § 14602.6 impound because (a) their vehicles were being driven by an unlicensed driver within the meaning of § 14602.6(a)(1); (b) per City policy, defendants would not release the vehicle because § 14602.6 mandated a 30 day impound unless the registered owner presented proof that he or she was a licensed driver. ECF 19-2 filed 9/3/22 @ ¶5 [pp. 2-3] (releasing Murcia's vehicle before expiration of the 30 day § 14602.6 impound period "would be inconsistent with Santa Monica Policy Manual section 503.2.1."); ECF 77-4 (The legal justification for removing Mr. Perryman's vehicle from the street [Perryman's license was suspended] was also justification, per City policy, for the 30 day § 14602.6 impound.

That the damages each Plaintiff sustained differs from each other (SMPD released Mr. Murcia's vehicle after 18 days whereas SMPD held Mr. Perryman's vehicle for the

00165000.WPD

1  full 30 days), or that the impound period varies among class members (some vehicles

2  released after only a few days; some held for the full 30 days or longer) is not material.

3  *Jordan v. County of Los Angeles*, 669 F.2d at 1321 ("[V]arying factual differences"

4  among class members will not automatically make the class representative's claim

5  atypical.").

6        Like all class members, Plaintiffs had their vehicles impounded under § 14602.6

7  because the driver (Plaintiffs themselves regarding their respective vehicle) were

8  unlicensed within the meaning of § 14602.6(a)(1); following which their vehicles were

9  held for some period of time. True, the actual period of vehicle impound varied, both

10  between the two Plaintiffs (18 days vs. 31 days) and class members. That though does

11  not matter as all sustained the same injury (loss of vehicle for some period of time) from

12  the same policy triggered by the same fact – unlicensed driver within the meaning of

13  § 14602.6(a)(1). Hence, that damages for the individual Plaintiffs and class members

14  varies does not make Plaintiffs' claims atypical to each other or to those of the class

15  members, or that Plaintiffs cannot be class representatives. *Tardiff v. Knox County*, 365

16  F.3d 1, 6 (1st Cir. 2004); *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d

17  124, 141 (2nd Cir. 2001); *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 426 (4th Cir.

18  2003); *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290 (5th Cir. 2001); *Allapattah*

19  *Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. Fla. 2003); *Klay v. Humana, Inc.*,

20  382 F.3d 1241, 1259 (11th Cir. 2004). In short, Plaintiffs' interests align with those of

21  class members. *Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*,

22  246 F.R.D. 621, 629-30 (C.D. Cal. 2007) (class representatives, protesters ordered to

23  disperse, adequate for damages class of protestors ordered to disperse).

24        *Counsel Is Well Qualified To Represent The Class*

25        Plaintiffs' counsel include Donald W. Cook and Cynthia Anderson-Barker, both

26  experienced class action and civil rights practitioners. Furthermore, Mr. Cook has

27  substantial class action experience in successfully representing owners of impounded

28  vehicles. Cook decl. ¶¶12-15 (ECF 77-1).

00165000.WPD

**V. Conclusion.**

For the forgoing reasons, Plaintiffs request that the Court issue an order as follows:

1. Certifying an "Impound Class" defined as registered owners of vehicles impounded by employees of defendants City of Santa Monica and/or Santa Monica Police Department at any time from July 28, 2020 through November 22, 2022, where such impounds were pursuant to Cal. Veh. Code § 14602.6(a)(1);

2. Preliminarily appointing Plaintiffs Reyes Contreras Murcia and Sherman A. Perryman as class representatives;

3. Preliminarily appointing attorneys Cynthia Anderson-Barker, Christian Contreras and Donald W. Cook as class counsel;

4. Setting a date no earlier than six weeks following certification of the Impound Class, for filing a motion for preliminary approval of class settlement; and

5. On or before the date for filing the motion for preliminary approval of class settlement, Plaintiffs shall serve by mail on the class members the following:

A. the notice of motion for preliminary approval of class settlement;

B. the proposed Class Notice (ECF 61-2 filed 6/10/24);

C. the 2024 settlement (ECF 77-5 filed 10/24/25);

D. the Opt-Out form (ECF 61-3 filed 6/10/24);

E. the Update form (ECF 61-4 filed 6/10/24); and

F. a notice informing class members of a web address from which class members can download the current complaint, defendants' answer, and all papers filed in connection with the motion for class certification and the to-be-filed motion for preliminary approval of class settlement.

///

///

///

///

-15-

00165000.WPD

1 DATED: October 24, 2025

2 **CYNTHIA ANDERSON-BARKER**
**CHRISTIAN CONTRERAS**
3 **DONALD W. COOK**
Attorneys for Plaintiffs

4

5 By_____
6                  Donald W. Cook

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

00165000.WPD

1

CERTIFICATE OF COMPLIANCE

2

The undersigned, counsel of record for Plaintiffs, certifies that this motion (not

3

including the caption page, table of contents, table of authorities or exhibits) contains

4

3,398 words and is no more than 11 pages.

5

DATED: October 24, 2025

6

**DONALD W. COOK**
Attorney for Plaintiffs

7

8

9

By_____
Donald W. Cook

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00165000.WPD