**CHRISTIAN CONTRERAS** (CSB 330269)
LAW OFFICES OF CHRISTIAN CONTRERAS, A PROF. CORP.
360 E. 2nd Street, 8th Floor
Los Angeles, CA 90012
(323) 435-8000 / (323) 597-0101 fax
Email: cc@contreras-law.com

**DONALD W. COOK** (CSB 116666)
ATTORNEY AT LAW
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 fax
Email: manncooklaw@gmail.com

**CYNTHIA ANDERSON-BARKER** (CSB 175764)
LAW OFFICE OF CYNTHIA ANDERSON-BARKER
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 381-3246 / (213) 252-0091 fax
Email: cablaw@hotmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

REYES CONTRERAS MURCIA and SHERMAN A. PERRYMAN, individually and as class representatives,

Plaintiff,

vs.

CITY OF SANTA MONICA, et al.,

Defendants.

Case No. 2:22-cv-5253-FLA-MAR

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: 12/19/25
Time: 1:30 P.M.
Ctrm: 6B (1st Street)

Pretrial: vacated
Trial: vacated

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, December 19, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6B, United States District Court, 350 1st Street, Los Angeles, California, Plaintiffs will move the Court for an order as follows:

● Preliminarily approving the settlement and preliminary certifying a class for settlement purposes only with the class defined as follows:

Owners of vehicles impounded by employees of defendants City of Santa

00165183.WPD

1    Monica and/or Santa Monica Police Department at any time from July 28,

2    2020 through November 22, 2022, where such impounds were pursuant to

3    Cal. Veh. Code § 14602.6(a)(1);

4        ● Preliminarily appointing Plaintiffs Reyes Contreras Murcia and Sherman A.

5    Perryman as settlement class representatives;

6        ● Preliminarily appointing attorneys Cynthia Anderson-Barker, Christian

7    Contreras and Donald W. Cook as settlement class counsel for settlement purposes;

8        ● Preliminarily finding that the terms of the settlement as set forth in ECF 80-7

9    are fair, reasonable, adequate and comply with F.R.Cv.P. 23(e);

10        ● Approving Class Action Claims Administration, Inc., 59 Damonte Ranch

11    Pkwy. B224, Reno, NV 89521-1907 as the Settlement Class Administrator;

12        ● Approve the form, substance and requirements of the proposed class notice

13    (ECF 80-4); the opt-out form (ECF 80-5) and the update form (ECF 80-6);

14        ● Setting a date for final approval of the class settlement, as well as a date for a

15    class member (a) to object to the settlement and any of its terms, including attorneys'

16    fees, costs and incentive awards; or (b) to exclude him- or herself from the settlement

17    by opting-out;

18        ● Setting a date for distribution of settlement funds to class members; and

19        ● Setting a date for hearing Plaintiffs' motion for an award of attorneys' fees and

20    costs.

21        Pursuant to L.R. 7-3 and the settlement agreement the parties reached, Plaintiffs'

22    understanding is that Defendants will not oppose this motion.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

00165183.WPD

The motion will be based upon this notice, the supporting memorandum of points and authorities, Declaration of Donald W. Cook, all pleadings on file with the Court in this action, and any evidence or oral argument provided at the hearing on this motion.

DATED: November 11, 2025

**CYNTHIA ANDERSON-BARKER**
**CHRISTIAN CONTRERAS**
**DONALD W. COOK**
Attorneys for Plaintiffs

By_____
                Donald W. Cook

00165183.WPD

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 8

I.    Case Overview and Relief Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.   Thirty-Day Vehicle Impounds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    A.  Cal. Veh. Code § 14602.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    B.  The City's (former) Policy On § 14602.6 Impounds. . . . . . . . . . . . . . 11

III.  Brief Summary of the Proposed Class Settlement Agreement. . . . . . . . . . 12

IV.   The Concerns the Court raised in its March 11, 2025 Order. . . . . . . . . . . 13

    A.  The Damages Calculation for Settlement Class Members. . . . . . . . . . 14
    B.  Plaintiffs' Incentive Payments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    C.  Notice to Class Members. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    D.  Attorneys' Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    E.  The Mathematical Calculations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V.    Standards for Class Certification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

VI.   The Proposed Settlement Class Satisfies Rule 23(a) for Purposes of Settlement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    A.  Numerosity (Rule 23(a)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    B.  Commonality (Rule 23(a)(2)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    C.  Typicality (Rule 23(a)(3)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    D.  Adequacy of Representation (Rule 23(a)(4)). . . . . . . . . . . . . . . . . . . 20

VII.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

00165183.WPD

Table of Authorities

Page(s)

*Cases*

*Allapattah Servs. v. Exxon Corp.*,
    333 F.3d 1248 (11th Cir. Fla. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Amchem Prods. v. Windsor*,
    521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Bertulli v. Indep. Ass'n of Cont'l Pilots*,
    242 F.3d 290 (5th Cir. 2001)áç . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Brewster v. Beck*,
    859 F.3d 1194 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 18, 19

*Brewster v. City of Los Angeles*,
    2023 U.S. Dist. Lexis 124570 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . 18

*Brewster v. City of Los Angeles*,
    672 F.Supp.3d 872 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 14, 19

*California Highway Patrol v. v. Superior Court*,
    162 Cal.App.4th 1144 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cohorst v. BRE Props.*,
    2011 WL 7061923 (S.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*G.F. v. Contra Costa Cty.*,
    2015 WL 4606078 (N.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gay v. Waiters' and Dairy Lunchmen's Union*,
    549 F.2d 1330 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Gunnels v. Healthplan Servs.*,
    348 F.3d 417 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hassine v. Jeffes*,
    846 F.2d 169 (3rd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

00165183.WPD

*In re Toys "R" Us-Del., Inc. FACTA Litig.,*
    295 F.R.D. 438 (C.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Visa Check/MasterMoney Antitrust Litigation,*
    280 F.3d 124 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*In Re: Northern Dist. Of Cal Dalkon Shield Etc.,*
    693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Jordan v. County of Los Angeles,*
    669 F.2d 1311 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-21

*Klay v. Humana, Inc.,*
    382 F.3d 1241 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Lerwill Inflight Motion Pictures, Inc.,*
    582 F.2d 507 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Lingle v. Chevron U.S.A. Inc.,*
    544 U.S. 528 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Miranda v. City of Cornelius,*
    429 F.3d 858 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles,*
    246 F.R.D. 621 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Reyes v. Experian Info. Sols., Inc.,*
    2020 WL 466638 (C.D. Cal. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sandoval v. County of Sonoma,*
    912 F.3d 509 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Stanton v. Boeing,*
    327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Tardiff v. Knox County,*
    365 F.3d 1 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Constitutions / Statutes / Rules of Court**

Cal. Veh. Code § 14602.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-11, 17-21, 23

Cal. Veh. Code § 22651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 19

Federal Rules of Civil Procedure 23 . . . . . . . . . . . . . . . . . . . . . . 8, 9, 15, 17-20

Title 42, U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Title 42, United States Code § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S. Const., Amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 18

U.S. Const., Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

00165183.WPD

1  ***Other Authority***

2  MANUAL FOR COMPLEX LITIG. (4TH ED. 2004)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00165183.WPD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Case Overview and Relief Requested.

Under 42 U.S.C. § 1983 and state law, Plaintiffs sued the City of Santa Monica ("City"), its police department ("SMPD") and three city officials (Police Chief Batista, City Manager White, and SMPD Ofc. Lieb). Individually, Plaintiffs Reyes Contreras Murcia and Sherman A. Perryman sue contending defendants wrongfully seized and impounded under Cal. Veh. Code § 14602.6 Plaintiffs' respective vehicles (Murcia vehicle impounded July 23, 2022; Perryman vehicle impounded June 24, 2021). First Amended Complaint ("FAC") ¶¶23-36. Plaintiffs also sue as class representatives for persons whose vehicles defendants impounded under § 14602.6. Though the FAC sought both injunctive relief and damages, the injunctive relief claim became moot upon the City's policy change concerning § 14602.6 impounds. Declaration of Donald W. Cook ["Cook decl."] ¶3 (ECF 80-1 @ pp. 2-3).

By this motion Plaintiffs seek approval of a proposed Settlement Agreement pursuant to Rule 23(e) of the Federal Rule of Civil Procedure, under which court approval is required. Courts follow a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination of court-approved notice; and (3) a final fairness hearing where class members may be heard regarding the settlement and at which evidence may be presented regarding the settlement's fairness, adequacy, and reasonableness. MANUAL FOR COMPLEX LITIG. § 21.63 (4TH ED. 2004).

Here, Plaintiffs request that the Court take the first step and grant preliminary approval of the Settlement Agreement (see ECF 77-5 filed 10/24/25) with the additional terms on the amounts for class distribution and the formula used to calculate each class member's share of the settlement fund (see ECF 80-6 @ ¶7); approval of pertinent forms for class members (ECF 80-4 [class notice]; ECF 80-5 [opt-out form]; ECF 80-6 [update form]); appointment of the two Plaintiffs as settlement class representatives and Plaintiffs' counsel as settlement class counsel; preliminary approval of incentive

00165183.WPD

payments for the class representatives; and setting of dates for final class settlement approval, hearing objections to the proposed settlement, distribution of class funds to class members, and related matters.

Federal courts strongly favor and encourage settlements, particularly in class actions where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit to the class. *See, e.g.*, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (Noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."). "[U]nder Rule 23(e)(1), the issue at preliminary approval turns on whether the Court 'will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.' " *Reyes v. Experian Info. Sols., Inc.*, 2020 WL 466638, at *1 (C.D. Cal. 2020) (Hon. Andrew J. Guilford). If the parties make a sufficient showing that the Court will likely be able to "approve the proposal" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e).

Finally, this motion addresses and, in Plaintiffs' view, resolves the concerns the Court expressed in its March 11, 2025 Order (ECF 67) ("3/11/25 Order") denying without prejudice the earlier motion for preliminary approval, etc.

## II. Thirty-Day Vehicle Impounds.

Because of the importance of the issue to certifying the proposed Settlement class, Plaintiffs first summarize Cal. Veh. Code § 14602.6 (the 30 day vehicle impound statute) and the City's now-discontinued policy for enforcing § 14602.6 thirty day vehicle impounds.

### A. Cal. Veh. Code § 14602.6.

Enacted in 1994, § 14602.6 permits a police officer to seize and remove from the street a vehicle if its driver is unlicensed as defined in subsection (a)(1) – never been licensed; suspended license for a traffic related offense; or a restricted license that

requires its holder to drive only vehicles with an approved anti-lock device (prevents vehicle operation if the driver is intoxicated). If the officer elects to invoke § 14602.6, then the vehicle must be impounded for 30 days. Section 14602.6(a)(1); *Brewster v. Beck*, 859 F.3d 1194, 1195-96 (9th Cir. 2017).

Section 14602.6 has exceptions to the mandatory 30 day impound. They are (a) if the driver was not unlicensed within the meaning of subdivision (a)(1); if the police agency that seized the vehicle concludes there are "mitigating circumstances" for an early release (the statute, however, does not define "mitigating circumstances"); if the vehicle owner shows that the § 14602.6(a)(1) unlicensed driver is now licensed; if the vehicle was stolen; if the vehicle was being driven under bailment (e.g., parking attendant); if the vehicle was owned by a rental car agency (Hertz; Avis, etc.); or if the vehicle's *legal* owner (the finance company) reclaims the vehicle. *See* subdivisions (b) through (f) and (h) to § 14602.6.[1]

Significantly, § 14602.6 has *no* requirement for early release if the vehicle is being held in the absence of community caretaking or other Fourth Amendment justification, see *Miranda v. City of Cornelius*, 429 F.3d 858, 862-64 (9th Cir. 2005); *Brewster*, 859 F.3d at 1196.

An alternative statute for removing a vehicle from a public street because its driver is unlicensed, is subdivision (p) of Cal. Veh. Code § 22651. Unlike § 14602.6, § 22651(p) applies to *any* unlicensed driver. The other major difference is that when the police seize a vehicle pursuant to § 22651(p), its owner can *immediately* reclaim the vehicle upon (a) payment of towing and storage charges and (b) presentation of a licensed driver (be it the registered owner or another person) to take possession. *Brewster*, 859 F.3d at 1197-98.

When a vehicle is subject to seizure under either § 14602.6 or § 22651(p), it is

---

[1] If a legal owner or car rental agency reclaims the vehicle, the legal owner or agency must continue to enforce the 30 day impound. See § 14602.6, subdivisions (g)(1) and (h)(1).

discretionary for the officer or agency as to which statute to invoke. *California Highway Patrol v. v. Superior Court*, 162 Cal.App.4th 1144, 1148 (2008).[2]

**B.  The City's (former) Policy On § 14602.6 Impounds.**

Before November 22, 2022 when the City instructed SMPD officers to release a § 14602.6 impounded vehicle as if it had been impounded under § 22651(p) (immediate release required upon the vehicle owner presenting a licensed driver to take possession and payment of accrued towing and storage charges), Plaintiffs assert that Defendants would *not* release a vehicle from a 30 day impound if the SMPD officials believed the vehicle's owner may drive the vehicle in the future as an unlicensed driver. That is, Plaintiffs assert that Defendants treated an owner's possible future driving as an unlicensed driver as constituting "community caretaking" that authorized the 30 day impound.

Plaintiffs assert that the above conclusion is shown by Defendants' § 14602.6 impound of Plaintiff Murcia's vehicle. When SMPD impounded Mr. Murcia's vehicle, he was an unlicensed driver within the meaning of § 14602.6(a)(1). Furthermore, Plaintiffs assert that SMPD officials claimed that because Mr. Murcia allegedly told SMPD officers he would continue to drive his vehicle as an unlicensed driver, that fact meant that under § 14602.6, his vehicle would be impounded for 30 days. In opposing Plaintiff Murcia's TRO application (ECF 16 [filed 8/2/22]), Defendants submitted a declaration from Matthew Lieb, the SMPD officer responsible for "enforcement of the state Vehicle Code" including § 14602.6 impounds. ECF 19-2 (filed 8/3/22) @ 2:1-3. Lieb stated he "determined that it was very likely that Mr. Murcia, who does not have a driver's license, would continue to operate the vehicle if it were to be released to him or to another individual," and thus releasing "Mr. Murcia's vehicle to Mr. Murcia or to his agent prior to the end of the 30-day period *would be inconsistent with Santa Monica*

___

[2] Because § 14602.6(a)(1) applies only to a subset of unlicensed drivers whereas § 22651(p) applies to *all* unlicensed drivers, by definition a § 14602.6(a)(1) unlicensed driver is also unlicensed within the meaning § 22651(p).

00165183.WPD

*Policy Manual section 503.2.1.*" ECF 19-2 @ 3:7-9 (emphasis added).

Plaintiffs assert that the City's policy of enforcing 30 day § 14602.6 impounds in the absence of Fourth Amendment justification is also established by the 30 day impound of Plaintiff Perryman's vehicle. Six days after SMPD impounded his Mercedes, Mr. Perryman, a layman, brought to Defendants' attention the Ninth Circuit's *Brewster* decision (859 F.3d 1194 (9th Cir. 2017)) and its holding that a 30 day § 14602.6 impound like that effected against him violates the Fourth Amendment. ECF 77-3 @ page 1. Plaintiffs contend City officials rejected *Brewster* and its holding, stating that once it was determined Mr. Perryman was unlicensed within the meaning of § 14602.6(a)(1), the 30 day impound was "legal and valid." Plaintiffs assert that City officials further told him that the Cal. Veh. Code § 22852 "storage" hearing he had requested and been provided (which defendants call a "tow hearing") was limited to "only the legality of the tow and at the time of the tow and did the officer have legal right to tow the vehicle at the time of the tow." ECF 77-4 (Lieb letter to Perryman). In other words, Plaintiffs contend that the City's legal justification for removing Mr. Perryman's vehicle from the street was, per City policy, was also justification that mandated the 30 day impound.

**III.  Brief Summary of the Proposed Class Settlement Agreement.**

The June 2024 Settlement Agreement (ECF 77-5) seeks to resolve, on a class settlement basis, all claims this lawsuit raises via the City funding a class settlement in the amount of $475,000.00. This amount covers all damages, attorneys' fees, and costs of whatever type (*i.e.,* including costs not recoverable by statute). If approved as a class settlement, the Settlement Agreement extinguishes the claims of Plaintiffs and class members arising from Plaintiffs' contention of an unlawful SMPD policy for seizing and impounding vehicles under Cal. Veh. Code § 14602.6.

The parties negotiated the settlement after Plaintiffs conducted discovery and after significant arm's-length negotiations with the assistance of skilled mediator Richard Copeland. *See, e.g.*, *In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D.

00165183.WPD

438, 450 (C.D. Cal. 2014) (Hon. Margaret M. Morrow); *G.F. v. Contra Costa Cty.*, 2015 WL 4606078, at *13 (N.D. Cal. 2015) ("[T]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.") (cleaned up); *see also Cohorst v. BRE Props.*, 2011 WL 7061923, at *12 (S.D. Cal. 2011) ("[V]oluntary mediation before a retired judge in which the parties reached an agreement-in-principle to settle the claims in the litigation are highly indicative of fairness ... We put a good deal of stock in the product of arms-length, non-collusive, negotiated resolution."). Because Counsel for the Settlement Class will only be paid from the same non-reversionary fund as members of the Settlement Class, counsel had every reason to negotiate the largest fund possible. The Settlement was carefully and thoughtfully negotiated and results in a fair outcome for Settlement Class members.

**IV. The Concerns the Court raised in its March 11, 2025 Order.**

In denying without prejudice Plaintiffs' first motion for preliminary approval (3/11/25 Order), the Court gave the following reasons:

● Whether in the Settlement Agreement or elsewhere, there was no explanation how class damages are determined, including on how damages are to be calculated for each individual class members (3/11/25 Order @ 9 fn.2);

● Plaintiffs had not established that as class representatives, they would fairly and adequately protect the interests of the class (3/11/25 Order @ 6:14-5);

● Plaintiffs had not justified the incentive payments to the two Plaintiffs and how the amount was determined (3/11/25 Order @ 4:15-19);

● The amount suggested for attorneys' fees appeared to be excessive (3/11/25 Order @ 8:9-9:4); and

● Plaintiffs' mathematical calculations on class damages, incentive payments, and net recovery appeared to be incorrect (3/11/25 Order @ 4:3-6).[3]

In the following sections, Plaintiffs address these concerns (except for Plaintiffs'

---

[3] The 3/11/25 Order also noted nothing was said on whether class members would receive a copy of the settlement agreement. 3/11/25 Order @ 5:21-22.

status as class representative which is addressed at Part VI(D) *infra*).

## A. The Damages Calculation for Settlement Class Members.

Because it was unnecessary for Defendants' purposes, the Settlement Agreement does not have a methodology for determining the damages recovery for each class member. Defendants indicated that they would allow Plaintiffs to appropriately distribute settlement funds to the class and seek reasonable fees pursuant to Court approval. But in light of the claims, the Court approval process, and to streamline settlement negotiations, the parties agreed upon a Settlement Fund and did not need to specify either issue in the Settlement Agreement itself. Therefore, in the proposed order of preliminary approval (ECF 80-6) Plaintiffs put forth a mathematical formula that adequately, fairly and in most if not all instances, fully compensates settlement class members for the loss of their vehicles (whether the loss was temporary or permanent):

● For the 62 vehicles recovered by their owners, they would receive the excess charges paid to reclaim the vehicle (storage, lien fee and administrative release charges);

● For the 29 vehicles sold at a statutory lien sale (C.V.C. § 22851(a)), their owners would receive a reasonable value for the vehicle loss ($1,500 for each vehicle); and

● All Settlement class members recover the reasonable rental value of a replacement vehicle based on the period of impound each class member sustained (as shown by the computer data kept by the City and the two tow companies that towed and stored the vehicles at Defendants' direction). *Brewster v. City of Los Angeles*, 672 F.Supp.3d 872, 933 (C.D. Cal. 2023) (Hon. Jesus G. Bernal).

For a detailed explanation of how the damages calculation formula is used to determine each Settlement class member's recovery, Plaintiffs refer to their counsel's declaration (ECF 80-1 @ ¶¶11-18). Assuming the Court accepts the underlying premises on which the formula relies, applying the formula to each settlement class member is simple arithmetic. *See* ECF 80-1 @ ¶18 & ECF 80-2, a spreadsheet applying

the damages formula to each settlement class member's impounded vehicle.

**B. Plaintiffs' Incentive Payments.**

In addition to the amounts identified above under the formula for Settlement class members, Plaintiffs propose that Mr. Murcia and Mr. Perryman each receive $1,500.00 as an incentive payment. Each Plaintiff was fully cooperative with counsel and provided all necessary information they needed for prosecuting this lawsuit while also confirming their readiness to act as class representatives. Cook decl. ¶24 (ECF 80-1).

**C. Notice to Class Members.**

Rule 23 requires that prior to final approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Class settlement notices must present information about a proposed settlement simply, neutrally, and understandably and must describe the terms of the proposed class action settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019).

The proposed Notice satisfies these criteria, informing Settlement Class members of the substantive terms of the proposed Settlement, advising them of their options for opting out of or objecting to the proposed Settlement, and instructing them how to obtain additional information about the Settlement. The Notice forms are clear and concise and presented in plain English to ensure Settlement Class members are able to read and understand it. The proposed notice to Settlement class members will include a copy of the executed settlement agreement. See ECF 80-4, first page, last paragraph.

**D. Attorneys' Fees.**

The Court's concern that Plaintiffs are seeking an excessive fees and costs award of 49.5% of the settlement amount (or $235,000) (3/11/25 Order @ 8:23-24) is resolved by (a) Plaintiffs' fees and costs will be based *not* on a percentage of the settlement fund but rather, on the lodestar calculation generally applicable for fees under 42 U.S.C. § 1988; (b) recoverable fees, statutory costs and class administration costs will not

00165183.WPD

exceed $240,000; *and* (c) to the extent Plaintiffs have not established to the Court's satisfaction § 1988 lodestar fees, the excess (the difference between what Plaintiffs' currently seek [which cannot be more than $205,000] versus what the Court determines is reasonable), will be added to the class members' damages recovery. ECF 80-1 @ ¶¶20, 25; ECF 80-6 @ ¶7(D).

### E. The Mathematical Calculations.

Using the formula outlined in Part IV(A) above, below are totals of the minimum amounts settlement class members would receive:

- Reimbursement for charges paid to reclaim vehicle (62 vehicles; daily storage charges + excessive administrative fee + lien fee): . . . . . . . . . . . $107,196.79
- Payment for loss of vehicle via lien sale (29 vehicles with loss of vehicle valued at $1,500): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $43,500.00
- Payment for reasonable rental value for loss of vehicle during impound period (either actual or fixed at 30 days): . . . . . . . . . . . . . . . . . . . . . . $58,089.68

Total: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $208,786.47

Of the remaining amount – $266,213.53 ($475,000.00 - $208,786.47) – attorneys fees and statutory costs are capped at $205,000.00 while estimated cost of class administration should not exceed $35,000. Cook decl. ECF 80-1 @ ¶¶19-20. Assuming $1,500 incentive payments to each of the two Plaintiffs (Cook decl. ECF 80-1 @ ¶24) or a total of $3,000, here is a breakdown of the distribution of the class settlement funds:

- Initial class distribution: . . . . . . . . . . . . . . . . . . . . . . . . . . . . $208,786.47
- Class representatives' incentive payments: . . . . . . . . . . . . . . . . . . . $3,000.00
- Class administration costs (not to exceed): . . . . . . . . . . . . . . . . . $35,000.00
- Attorneys' fees and statutory costs (not to exceed): . . . . . . . . . $205,000.00
- Estimated remaining amount for class distribution[4]: . . . . . . . . . $23,213.53

--------------------

---

[4] This amount increases to the extent the Court awards less than the amounts set aside for attorneys' fees and costs.

00165183.WPD

● Total:  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $475,000.00

**V.   Standards for Class Certification.**

Under F.R.Cv.P. 23 ("Rule 23"), a party seeking class certification must establish the following prerequisites:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a).

After satisfying the four prerequisites of numerosity, commonality, typicality, and adequacy, a party must also demonstrate one of the following: (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action. Rule 23(b)(1)–(3).[5]

**VI.   The Proposed Settlement Class Satisfies Rule 23(a) for Purposes of Settlement.**

**A.   Numerosity (Rule 23(a)(1)).**

The Settlement damages class consist of registered owners of 91 vehicles Defendants seized and impounded at any time from July 28, 2020, to November 22, 2022 ("the Class period"), under the authority of Cal. Veh. Code § 14602.6. Settlement class members are identifiable by a two-step process: first, using computer data that

---

[5] While Defendants agree that the class can be certified for settlement purposes, Defendants maintain that no class could be certified for litigation purposes for the reasons set out in its class certification opposition (*see* ECF 53). Hence, Defendants expressly reserve their right to contest class certification in the event the settlement is not finally approved (*see* Settlement Agreement ¶ 54).

00165183.WPD

accurately identifies vehicles impounded under § 14602.6, an identification that includes license plate number and/or vehicle identification number ("VIN"); second, from that data Plaintiffs can obtain class members' names and current addresses. The computer data also establishes, for each impounded vehicle, the out-of-pocket expenses each class member incurred in connection with the vehicles' seizure and ultimate release, or for those vehicles not released (because they were sold at a statutory lien sale) the vehicle's sale value. Cook decl. ¶¶4-6 (ECF 80-1).

The Settlement class size establishes numerosity. *E.g.*, *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1319 (9th Cir.), *vacated on oth. grds.,* 459 U.S. 810 (1982); *Gay v. Waiters' and Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 (9th Cir. 1977).

## B.  Commonality (Rule 23(a)(2)).

*Fourth Amendment* – For all class members, Plaintiffs assert Defendants effected and enforced § 14602.6 thirty day vehicle impounds without obtaining a warrant or judicial review of any type. Cook decl. ¶9 (ECF 77-1). Thus, for every Settlement class member the common dispositive issue is the absence of Fourth Amendment justification for the continued impoundment of the vehicle even though its registered owner is willing and able to reclaim the vehicle (by payment of accrued fees and presentation of a licensed driver to take possession). *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017); *Sandoval v. County of Sonoma*, 912 F.3d 509, 516-17 (9th Cir. 2018); *Brewster v. City of Los Angeles*, 2023 U.S. Dist. Lexis 124570 (C.D. Cal. 2023) (Hon. Jesus G. Bernal) @ *33-*35 (filed 7/17/23).

*Fifth Amendment (Takings Claim)* – Plaintiffs claim that the absence of Fourth Amendment justification for the thirty day § 14602.6 impound also establishes a Fifth Amendment claim of government taking of property without justification. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 543 (2005) ("[I]f a government action is found to be impermissible — for instance because it fails to meet the 'public use' requirement . . . that is the end of the [Takings Clause] inquiry. No amount of compensation can authorize such action.").

00165183.WPD

Here, Plaintiffs contend Defendants imposed § 14602.6 thirty day impounds rather than simply removing the vehicle from the street pursuant to § 22651(p) which would have enabled the owner to immediately claim his vehicle, see *Brewster*, 859 F.3d at 1197-98, to punish the vehicle's owner for permitting an unlicensed driver to drive the vehicle. FAC ¶65. That is a common issue with the same answer for all Settlement class members. *Brewster v. City of Los Angeles*, 672 F.Supp.3d 872, 973-76 (C.D. Cal. 2023).

## C. Typicality (Rule 23(a)(3)).

"The commonality and typicality requirements of Rule 23(a) tend to merge." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982); *Stanton v. Boeing*, 327 F.3d 938, 957 (9th Cir. 2003) (same). The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). If the representative "claim arises from the same event, practice or course of conduct … and is based upon the same legal theory, varying factual differences" will not render the class representative's claim atypical. *Jordan v. County of Los Angeles*, *supra*, 669 F.2d at 1321. Commonality and typicality "mandate only that complainants' claims be common, and not in conflict." *Hassine v. Jeffes*, 846 F.2d 169, 177 (3rd Cir. 1988). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Plaintiffs' claims are based upon the same legal theories as the claims of the Settlement class members they represent, with all claims arising from the same municipal policy (enforcement of § 14602.6 thirty day impounds). Moreover, Plaintiffs assert that both Plaintiffs and the Settlement class members all suffered actual damages as a result of having their vehicles wrongfully seized and impounded. The actual damages suffered by the representative Plaintiffs Mr. Murcia and Mr. Perryman – loss

00165183.WPD

of their respective vehicles for the impound period – are similar in type and amount to the actual damages suffered by each member of the Settlement class.

### D. Adequacy of Representation (Rule 23(a)(4)).

*Class Representatives Interests Are Not Antagonistic To The Interests Of The Settlement Class*

Rule 23(a)(4)'s requirement for adequate representation is met when 1) there is no conflict of interest between the legal interests of the named plaintiffs and those of the proposed class, and 2) counsel for the plaintiffs is competent to represent the class. *Lerwill Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978); *In Re: Northern Dist. Of Cal Dalkon Shield Etc.,* 693 F.2d 847, 855 (9th Cir. 1982); *Stanton,* 327 F.3d at 957.

The interests of the two Plaintiffs and Settlement class members are aligned. Plaintiffs assert that both Plaintiffs and Settlement class members had their respective vehicles held in a § 14602.6 impound because (a) their vehicles were being driven by an unlicensed driver within the meaning of § 14602.6(a)(1); (b) per City policy, defendants would not release the vehicle because § 14602.6 mandated a 30 day impound unless the registered owner presented proof that he or she was a licensed driver. ECF 19-2 filed 9/3/22 @ ¶5 [pp. 2-3] (Releasing Murcia's vehicle before expiration of the 30 day § 14602.6 impound period "would be inconsistent with Santa Monica Policy Manual section 503.2.1."); ECF 77-4 (The legal justification for removing Mr. Perryman's vehicle from the street [Perryman's license was suspended] was also justification, per City policy, for the 30 day § 14602.6 impound.

That the alleged damages each Plaintiff sustained differs from each other (SMPD released Mr. Murcia's vehicle after 18 days whereas SMPD held Mr. Perryman's vehicle for the full 30 days), or that the impound period varies among class members (some vehicles released after only a few days; some held for the full 30 days or longer) is not material. *Jordan v. County of Los Angeles*, 669 F.2d at 1321 ("[V]arying factual differences" among class members will not automatically make the class

00165183.WPD

representative's claim atypical."); *see also Brewster*, 672 F.Supp.3d at 932-33 (That plaintiff Ms. Brewster had not driven her vehicle and thus did not suffer a property loss like that compared to others, was immaterial as it only affected the "*extent* of [her] damages" while the facts established she was injured via the property loss." [Emphasis in original]).

Like all Settlement class members, Plaintiffs had their vehicles impounded under § 14602.6 because the driver (Plaintiffs themselves regarding their respective vehicle) were unlicensed within the meaning of § 14602.6(a)(1), following which their vehicles were held for some period of time. True, the actual period of vehicle impound varied, both between the two Plaintiffs (18 days vs. 31 days) and class members. That though does not matter as Plaintiffs have alleged that all sustained the same injury (loss of vehicle for some period of time) from the same policy triggered by the same fact – unlicensed driver within the meaning of § 14602.6(a)(1). Hence, that claimed damages for the individual Plaintiffs and Settlement class members varies does not make Plaintiffs' claims atypical to each other or to those of the class members, or that Plaintiffs cannot be class representatives. *Tardiff v. Knox County*, 365 F.3d 1, 6 (1st Cir. 2004); *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 141 (2nd Cir. 2001); *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 426 (4th Cir. 2003); *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290 (5th Cir. 2001); *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. Fla. 2003); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1259 (11th Cir. 2004).

And because Plaintiffs seek to certify a class in the context of a proposed settlement, the Court "need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there be no trial." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted).

In short, Plaintiffs' interests align with those of Settlement class members. *Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, 246 F.R.D. 621, 629-30 (C.D. Cal. 2007) (Hon. A. Howard Matz) (class representatives, protesters

00165183.WPD

ordered to disperse, adequate for damages class of protestors ordered to disperse).

*Counsel Is Well Qualified To Represent The Class*

Plaintiffs' counsel include Donald W. Cook and Cynthia Anderson-Barker, both experienced class action and civil rights practitioners. Furthermore, Mr. Cook has substantial class action experience in successfully representing owners of impounded vehicles. Cook decl. ¶¶12-15 (ECF 77-1).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**VII.  Conclusion.**

For the forgoing reasons, Plaintiffs request that the Court issue an order as follows:

1. Preliminarily certifying an "Impound Class" defined as registered owners of vehicles impounded by employees of defendants City of Santa Monica and/or Santa Monica Police Department at any time from July 28, 2020 through November 22, 2022, where such impounds were pursuant to Cal. Veh. Code § 14602.6(a)(1) for purposes of settlement only;

2. Preliminarily appointing Plaintiffs Reyes Contreras Murcia and Sherman A. Perryman as class representatives;

3. Preliminarily appointing attorneys Cynthia Anderson-Barker, Christian Contreras and Donald W. Cook as class counsel;

4. Appointing Class Action Claims Administration, Inc. as the Settlement Class Administrator; and

5. Setting the appropriate dates as outlined in the proposed order for notifying class members of the settlement; receiving class members' objections (if any); for final approval of class settlement; and distribution of class settlement funds.

See ECF 80-8, proposed form of order.

DATED: November 11, 2025

**CYNTHIA ANDERSON-BARKER**
**CHRISTIAN CONTRERAS**
**DONALD W. COOK**
Attorneys for Plaintiffs

By_____
            Donald W. Cook

00165183.WPD

CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this motion (not including the caption page, table of contents, table of authorities or exhibits) contains 4,871 words and is no more than 16 pages.

DATED: November 11, 2025

**DONALD W. COOK**
Attorney for Plaintiffs

By_____
Donald W. Cook

00165183.WPD